Tayi.or, C. J. —
 

 There is no precedent in this case to govern the decision ; but 1 think, upon general principles and the reason of the thing, that the conviction is right. An affray is the fighting of two or more persons in a public place, to the terror of the citizens. Tlte very definition therefore, includes an assault and battery; and if it was proved to the Jury, that two men fought together
 
 *357
 
 in a private place, and under such circumstances as that it could not be a terror to the people, I think there is no doubt that they might be acquitted of the affray, and con-viewed of the assault and
 
 battery;
 
 for this they have com-mi tied, though without the aggravation of an affray. If both might be so convicted, why not one ? Certainly not because one person is incapable of committing an affray ; for there is one case at least where he may be singly indicted for it. 1
 
 Hawks
 
 P.
 
 C.
 
 63, &. 2, 4. Nor would it be necessary in such an indictment, to specify the particular mode of the affray, for an aggravated assault by one person, is sometimes laid as an assault and affray. An affray being therefore, an assault aggravated by the circumstances under which it is committed, would seem' to fall within the general rule, that' when an accusation includes an offence of inferior degree, the Jury may discharge the Defendant of the higher crime, and convict him of the less. 2
 
 Camp.
 
 583. As upon an indictment for burglariously stealing, the prisoner may be convicted of the theft, and acquitted of the nocturnal entry, and robbery may be softened into felonious theft, and many other similar cases.
 

 The only exception to this rule, arises from the prisoner’s having been indicted for a different offence, whereby he would be deprived of any advantage which he would otherwise be entitled to claim j so that the prosecutor shall not be permitted to oppress the defendant, by altering the mode of proceeding ; thus, on an indictment for felony, a prisoner is deprived of several advantages which he would have on an indictment for a misdemeanor, and therefore lie cannot be convicted of the latter, upon an indictment for the former. No reason of this kind exists wherefore the defendant might not be convicted of the assault. The specific difference between this offence and a riot, is, that there must be three persons at least to commit the latter offence, and if two only, are found guilty, they must be discharged, yet even in that case, if the Defendants bad been charged with committing the
 
 *358
 
 rj0¡: with divers other disturbers of the peace, judgment would have been pronounced. 1
 
 Ld. Raymond
 
 484. If A assault B, without provocation, in a public place, and a ensues> both would appear to be the aggressors to those who did not witness the beginning of the quarrel’ j but a Jury, upon being informed of the origin of the strife, would, in most cases, think it unjust to subject B to the same punishment with A. — I think the conviction proper.
 

 The other Judges being of the same opinion,
 

 Judgment Affirmed.