BRINKLEY *v.* STATE

[No. 87, September Term, 1960.]

392

*Decided March 7, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, PRESCOTT, HORNEY and MARBURY, JJ.

*William B. Evans,* for appellant.

*James O'C. Gentry, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *J. Albert Roney, Jr., State's Attorney for Cecil County,* on the brief, for appellee.

PER CURIAM.

Ernest D. Brinkley, the appellant, was tried and convicted in the Circuit Court for Cecil County on a criminal information charging him with the larceny of an automobile therein described of a value in excess of $100, and was sentenced to ten years' imprisonment. He appeals.

The appeal is based upon the fact that the petition by which Brinkley waived indictment by a grand jury and requested a speedy trial upon a criminal information failed to include a statement called for by Code (1957), Art. 27, Sec. 592 (which authorizes the filing of such a petition) as to whether the crime charged against him constituted a felony or a misdemeanor. It is contended that non-compliance with this statutory provision left the Circuit Court without jurisdiction to try the case and hence that the conviction is a nullity.

Brinkley's petition is on a printed form apparently furnished to him while a prisoner in the Cecil County jail. The form is

evidently intended to comply with Sec. 592. It is in part ungrammatical (as to which no point is raised), and it fails to include any statement with regard to the grade of the offense charged. It is a form not to be commended, but no objection was made to it prior to or at the trial. The petition states that Brinkley had been "arrested under a warrant charging him with the crime of larceny." (The warrant is not in the record.) There is testimony indicating that Brinkley, while driving the car in Baltimore, had been arrested first on a minor charge, that the police then found that the car was on the "larceny sheet", and that after they had questioned Brinkley and obtained from him a statement to the effect that he had taken the car in Elkton, the Sheriff was notified and he returned Brinkley to Elkton, evidently on a charge of having stolen the car. There is nothing to suggest any surprise or prejudice when the information was filed charging him with an offense constituting a felony. The petition was dated April 7, 1960, and was filed in court the next day. On April 11th Brinkley was called for arraignment. He was without counsel and was financially unable to employ counsel. The court thereupon appointed an attorney to represent him, and Brinkley pleaded not guilty and elected trial by the court without a jury. He was tried on May 6th. No court stenographer was present, but Judge Rollins filed on May 7th a full memorandum of the proceedings at the trial dictated from his bench notes (cf. *Jefferson v. State*, 218 Md. 397, 147 A. 2d 204; and *Griffin v. Illinois*, 351 U. S. 12, 20) ; and this memorandum is contained in the appellant's appendix. It includes a summary of the testimony of each witness and a statement of the court's reasons for imposing the sentence of ten years' imprisonment.[1]

---

1. Following the entry of his appeal Brinkley wrote a letter to the Chief Judge of this Court complaining of his trial counsel, asserting his own innocence, and requesting the appointment as his counsel on appeal of another lawyer [who had recently successfully defended Brinkley in another trial for larceny]. The desired change of counsel was made, but the requested and newly appointed counsel failed to file a brief for the appellant within the time allowed therefor, offered no explanation or excuse for the delay and sought no extension. The appeal was dismissed by this Court on

The information charges a felony under Sec. 340 of Art. 27 of the Code (1957) and appears to be based in part also upon Sec. 348 of the same Article. It is true that petty larceny constitutes a misdemeanor under Sec. 341 of that Article and that the general term "larceny" might refer either to a felony or to a misdemeanor. As we have stated above, the appellant was well aware of the offense for which he was arrested, and we can see no prejudice that might have resulted to him from the defect in the petition which is here under attack.

The purpose of Sec. 592 of Art. 27 is to afford a defendant a means of obtaining a speedy trial without awaiting a new term of court or the impaneling of a grand jury to indict him. See *Heath v. State,* 198 Md. 455, 85 A. 2d 43. The right to indictment by a grand jury may be waived. *Fisher v. Swenson,* 192 Md. 717, 64 A. 2d 124, and other cases annotated under this Section of the Code. This case was clearly within the jurisdiction of the Circuit Court, using that term as referring to the power to hear and determine a case involving the subject matter, and any irregularity in the proceedings due to the failure of the petition to specify whether the offense charged was a felony or a misdemeanor was waived by failure to object to it at the trial. *Heath v. State,* just cited. Cf. *Jordan v. State,* 219 Md. 36, 148 A. 2d 292, where consent to be tried on a charge of "motor vehicle larceny" was held to warrant trial and conviction on a charge of receiving stolen goods consisting of the automobile alleged to have been stolen.

*Judgment affirmed.*

motion of the State. Subsequently, on request of the appellant, his appeal was reinstated, and new counsel (who represented him ably) was appointed. Brinkley wrote another letter, this time to the Clerk of this Court, stating a desire to confer personally with his new counsel, again protesting his innocence, and for the first time alleging that he was denied an opportunity to summon witnesses at the trial. This letter was forwarded to counsel, who thought (correctly, we believe) that the appeal would be heard on the record. No claim of insufficiency of the evidence is urged on this appeal—doubtless because of the testimony set forth in the memorandum of the trial court. Neither the sufficiency of the evidence nor the alleged denial of the opportunity to summon witnesses is before us on this appeal.