**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Thomas P. SHACKELFORD,**
**Defendant-Appellant.**

No. 82–2405

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 1, 1983.

Certiorari Denied Oct. 11, 1983.
See 104 S.Ct. 253.

Roland E. Dahlin, II, Federal Public Defender, George McCall Secrest, Jr., Gustavo L. Acevedo, Asst. Public Defenders, Houston, Tex., for defendant-appellant.

Daniel K. Hedges, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:

The appellant, Thomas Shackelford, was charged with and convicted by a jury of the theft of United States property, having a value in excess of $100, in violation of Title 18 U.S.C. § 641.[1] He was sentenced to two years imprisonment.

The government property in question was a Nagra SNST tape recorder. The circumstances surrounding Shackelford's theft of the recorder in October 1980 are detailed in this court's opinion reversing his original conviction because of an error in jury instructions. *United States v. Shackelford,* 677 F.2d 422 (5th Cir.1982). On appeal, Shackelford contends that the evidence was insufficient as a matter of law to establish that the value of the tape recorder was in excess of $100. He also contends that there was prosecutorial misconduct which abridged his right to a fair trial. Finding no merit to his contentions, we affirm.

■ The value of the stolen property is an essential element of the offense in question and must be proved in the same manner as any other essential element. *See United States v. Hinds,* 662 F.2d 362, 368 n. 13 (5th Cir.1981), *cert. denied,* 455 U.S. 1022, 102 S.Ct. 1720, 72 L.Ed.2d 140 (1982); *Stevens v. United States,* 297 F.2d 664, 665 (10th Cir.1961). Title 18 U.S.C. § 641 provides in pertinent part: "The word 'value' means face, par or market value, or cost price, either wholesale or retail, whichever is greater."

■ A unit chief of the FBI's Procurement and Property Management Unit testified that the tape recorder had been purchased in 1979 for $2,207 and that the same model cost about $2,600 at the time of Shackelford's trial (September 1982). Another government witness testified that at

---

1. Title 18 U.S.C. § 641 reads as follows:

    641. Public money, property or records

    Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority sells, conveys or disposes of any record, voucher, money or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

    Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

    Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year or both.

    The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

the time of its theft, the recorder was being used to obtain evidence of criminal activity. From such testimony, the jury could infer that the tape recorder was functional and in good operating condition. Considering all of this evidence, we have no doubts whatsoever that it furnished sufficient proof that the value of the stolen tape recorder was in excess of $100.

Shackelford also contends that the prosecutor made two improper comments during the second portion of closing argument which violated his constitutionally protected right to a fair trial. The prosecutor's remarks came after Shackelford's counsel, apparently in reference to the testimony of the government's witness that the tape recorder's cost was now $2,600, had stated during closing argument that nothing "goes up in value" and had said "[w]hat this man was trying to say, consciously or unconsciously, I think he was trying to confuse you."

The prosecutor then began his argument by stating:

Ladies and Gentlemen, I have eleven minutes. I beg your attention during that time. [Defense counsel] has been somewhat less than absolutely fair with this jury.

Defense counsel immediately objected, and the trial judge told the jury:

The jury will recall the evidence and not listen to arguments of counsel, personal comments from one to the other either way throughout the trial. They are not part of this case.

Explaining that his statement was in reference to defense counsel's argument that nothing appreciates in value, the prosecutor continued.

Later in his argument, the prosecutor, pointing out what he perceived to be discrepancies between defense counsel's argument and the testimony on cross-examination of a defense witness, Rick Miller, stated

The fact of the matter is, you were to be tricked. You were to be led to believe that [the confidential informant] concoct-

ed the whole story, until Rick Miller told the truth on cross-examination.

Defense counsel again objected and urged the trial judge to instruct the jury that they should not consider the prosecutor's statements that defense counsel was trying to trick them. The trial judge made no statement to the jury at that time. When the prosecutor concluded a few moments later, however, the trial judge immediately told the jury

Ladies and Gentlemen, one of the first things I told you . . . was that statements of lawyers were not evidence. I think based on the arguments that you have heard this afternoon, you can see why statements of lawyers are not evidence . . . . Mr. Acevedo has taken offense that Mr. Berg used the word 'trick' . . . . That is not evidence. That is only argument from a counsel on the other side of Mr. Acevedo.

The trial judge then told the jurors that they were the final arbiters of the facts and of credibility.

█ The test for determining whether there was prosecutorial misconduct is whether a prosecutor's remarks were improper and, if so, whether they prejudicially affected the substantial rights of the defendant. *United States v. Mireles,* 673 F.2d 756, 758 (5th Cir.1982); *United States v. Dorr,* 636 F.2d 117, 120 (5th Cir.1981).

█ The reference to defense counsel's being "less than absolutely fair" was a fair response to defense counsel's argument concerning the government's effort to confuse the jury over the value of the tape recorder. When defense counsel "attacks the prosecutor [or] his witness, . . . the prosecutor, as an advocate is entitled to make a fair response in rebuttal." *United States v. Nanez,* 694 F.2d 405, 410 (5th Cir.1982). The second instance was an effort to highlight the inconsistencies in defense counsel's argument by referring to testimony given by a defense witness. We find no impropriety in such an effort.

█ Moreover, the trial judge gave prompt and strong instructions to the jury

during and immediately after the prosecutor made the challenged remarks.  In his instructions, the judge reminded the jurors that the statements of counsel were not evidence in the case and, in effect were to be disregarded by them in their deliberations.  In these circumstances, even if there were prosecutorial error in the challenged remarks, the judge's instructions were sufficient to avoid reversible error.  *See United States v. Nickerson*, 669 F.2d 1016, 1020 (5th Cir.1982); *United States v. Irwin*, 661 F.2d 1063 (5th Cir.1981); *United States v. Weinrich*, 586 F.2d 481 (5th Cir.1978).

Finding no merit to Shackelford's contentions, we affirm his conviction.

AFFIRMED.