559 A.2d 792

Antonio Calvin HAGANS

v.

STATE of Maryland.

Derek Darnell ALLEN

v.

STATE of Maryland.

No. 41, Sept. Term, 1988.
No. 95, Sept. Term, 1988.

Court of Appeals of Maryland.

June 30, 1989.

430

Nancy S. Forster, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for petitioners.

Jillyn K. Schulze, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS, BLACKWELL, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired) Specially Assigned.

ELDRIDGE, Judge.

The two criminal cases before us were entirely separate prosecutions, for unrelated offenses, in different counties, at different times, and involving different defendants. Nevertheless, the only issue presented in the *Hagans* case, and the principal issue presented in the *Allen* case, are identical. It is whether, as a matter of Maryland common law, a defendant ordinarily can be convicted of an offense which is not charged but which is a lesser included offense of one that is charged. Because of this common issue, we shall decide both cases in one opinion.

I.

The facts in each case relevant to the lesser included offense issue can be briefly stated.

A. *Hagans v. State*

According to the Agreed Statement of Facts, during the night of January 17, 1986, a man knocked on an apartment door in Montgomery County, Maryland, and announced: "It's the cops." Through a peephole, the resident of the apartment saw a man wearing a cap with a silver badge on it. She did not believe that he was a police officer because he had referred to himself as a "cop." Consequently, she called the police.

In response to the call, seven plain clothes police officers went to the apartment complex where the incident occurred. They saw three men in a station wagon that was being driven without its lights on. The car stopped, and a man,

later identified as the defendant, Antonio Calvin Hagans, got out, walked around, picked up a long silver object, and returned to the car. The police cars followed the station wagon as it left the complex. The station wagon was pulled over and searched. Under the seat where Hagans was sitting, the police found a large knife and a baseball cap with a silver badge. The three men in the car were then arrested. At the subsequent line-up, the resident of the apartment identified one of the men, but not Hagans, as the man standing outside the door.

Hagans was charged in the Circuit Court for Montgomery County with attempt to commit common law burglary and nine other offenses all based on the incident described above. He was not, however, expressly charged with attempted breaking and entering a dwelling house of another in violation of Maryland Code (1957, 1987 Repl.Vol.), Art. 27, § 31A. Hagans elected a jury trial.

At the trial, after the presentation of evidence by both sides, and during argument on the defendant's motions for judgment of acquittal, the trial judge indicated that he intended to submit to the jury, as a lesser included offense of burglary, the offense of attempted breaking and entering a dwelling house of another. Defense counsel objected to the submission of the attempted breaking and entering offense to the jury, but the prosecuting attorney argued in favor of the submission. Thereafter, the trial judge instructed the jury on attempted breaking and entering a dwelling house of another.

All but two of the numerous charges against the defendant Hagans were disposed of by nolle prosequis, by the grant of motions for judgments of acquittal, and by jury acquittal. Hagans was convicted by the jury of attempted breaking and entering a dwelling house of another and carrying a concealed weapon. He was sentenced to three years imprisonment on the former conviction and two years imprisonment, to be served consecutively, on the latter. The Court of Special Appeals affirmed in an unreported opinion.

This Court then granted the defendant's petition for a writ of certiorari. In the petition and in his brief, Hagans concedes that attempted breaking and entering a dwelling house of another is a lesser included offense of attempted common law burglary. The defendant presents a single question for our review, stating: "The issue in this case is whether or not a defendant who is charged with one offense can be convicted of a lesser included offense which is not contained in the charging document." (Petitioner's brief, p. 5).

## B. *Allen v. State*

Derek Darnell Allen was tried before a jury in the Circuit Court for Talbot County on a seven count information charging storehouse breaking (Art. 27, § 32), storehouse breaking and stealing (Art. 27, § 33), storehouse breaking and entering (Art. 27, § 31B), malicious destruction of property (Art. 27, § 111), trespassing on school property (Code (1978, 1989 Repl.Vol.), § 26–102(d)(1) of the Education Article), willfully damaging school property (§ 26–102(d)(3) of the Education Article), and theft of $300 or more (Art. 27, §§ 340–344). The charges were based on the theft of a twelve-year-old color television set, a seven-year-old tape recorder, a cassette player and a set of headphones from a public school in Talbot County. According to a school official, the original cost of the television was $318, the tape recorder $66, the cassette player $52, and the headphones $116.

At trial, the testimony was inconsistent in regard to the extent of Allen's involvement. In addition, the defendant took the position that the value of the goods taken was less than $300.

As previously mentioned, the defendant was expressly charged with theft over $300, but he was not expressly charged with theft under $300.[1] After the evidentiary

---

1. The count charging theft in violation of Art. 27, §§ 340–344, read as follows:

phase of the trial, during a discussion concerning jury instructions and the jury verdict sheet, a question arose concerning an instruction on theft under $300. The prosecuting attorney urged that the court instruct on, and that the verdict sheet contain a choice for, theft under $300 on the theory that it "is a lesser included offense." He argued:

"Your Honor, as I stated in Chambers I—the law of theft is if the jury is able to find that a theft was committed, and the value of the items stolen was $300 or more, then they can find the defendant guilty of felony theft. If however, they find that the State did not [meet] its burden on the value of the items that were stolen, but they believe all the other elements of the crime of theft occurred, namely, that the defendant stole something, then they can find the defendant guilty of theft under $300. It is a lesser included offense of the—of the offense of theft."

The defense attorney objected, saying:

"And second of all, the jury verdict sheet as proffered provides—although the charging document only charged theft over $300, it provides a means by which they could find the defendant guilty of theft under $300, and I would object to that. If we weren't charged with theft under, I don't think it should be on the verdict sheet."

The trial court, agreeing with the prosecution, submitted to the jury the option of convicting Allen of theft under $300.

The jury acquitted Allen of storehouse breaking and stealing, acquitted him of theft over $300, and acquitted him of malicious destruction of property. The jury convict-

"Philip Carey Foster, State's Attorney for Talbot County, Maryland duly authorized and empowered to investigate and prosecute the above entitled case in this Court, on his official oath does inform said Court that, DEREK DARNELL ALLEN, on or about the 12th day of April, 1987, in Talbot County, Maryland, did unlawfully steal the property of Talbot County Board of Education, having a value of Three Hundred Dollars ($300.00) or more, contrary to the form of the Act of Assembly, in such case made and provided, and against the peace, government and dignity of the State."

ed Allen of theft under $300. The jurors were unable to agree as to the remaining charges, and those charges were subsequently nolle prossed. Allen was sentenced to the maximum eighteen months imprisonment on the conviction of theft under $300. The judgment was affirmed by the Court of Special Appeals in an unreported opinion.

Allen filed in this Court a petition for a writ of certiorari, arguing that the case presented the identical issue as the *Hagans* case, namely "whether the trial court can send a lesser included offense to the jury if that offense is not charged in the charging document." (Petition, p. 3). We granted the petition.

## II.

Before addressing the issue presented by both petitioners, we shall deal with a threshold matter raised by the State in the *Allen* case. The State argues that the *Allen* case does not present the same issue as the *Hagans* case because, according to the State, theft under $300 should not be treated as a lesser included offense of theft over $300. In the State's view, theft over $300 and theft under $300 are to be regarded as the identical offense for all purposes prior to the sentencing phase of the trial. It is contended that the value of the goods need not be decided by the jury but should be determined by the judge at sentencing. The State thus asserts (Response to Certiorari Petition, p. 2):

"There is no lesser included offense, and thus no issue similar to that of *Hagans.*

"Theft is a single offense for purposes of both charging documents and jury instructions.... The value of the goods stolen is not an element of the offense and is relevant only to sentencing.... Thus, an allegation of value is mere surplusage in a charging document which charges theft; it ʹhas no effect on the offense to be submitted for the jury's consideration. When the State charged Allen with theft of goods valued at over $300.00, he could be convicted of theft regardless of whether the

evidence showed that the goods were worth more than $300.00."

■ We agree that, generally, theft in violation of Art. 27, §§ 340–344, is to be regarded as a single offense. Nevertheless, we cannot subscribe to the State's theory concerning the limited relevance of value. Furthermore, for purposes of the principles concerning lesser included offenses, theft under $300 should be treated as a lesser included offense of theft of $300 or more.

Art. 27, §§ 340–344, known as the consolidated theft statute, and enacted by Ch. 849 of the Acts of 1978, was thoroughly reviewed by Chief Judge Murphy for the Court in *Jones v. State,* 303 Md. 323, 493 A.2d 1062 (1985), and in *Rice v. State,* 311 Md. 116, 532 A.2d 1357 (1987). As explained in *Jones v. State, supra,* 303 Md. at 326–327, 493 A.2d at 1063–1064, the statute

"consolidated a number of theft-related offenses (not involving force or coercion) into a single newly created statutory offense known as theft. Section 341 specifies that '[c]onduct designated as theft' under the Act's provisions 'constitutes a single crime embracing, among others, the separate crimes heretofore known as larceny, larceny by trick, larceny after trust, embezzlement, false pretenses, shoplifting, and receiving stolen property.' Section 342 enumerates five different types of criminal conduct as constituting theft under the statute, *i.e.,* (a) obtaining or exerting unauthorized control; (b) obtaining control by deception; (c) possession of stolen property; (d) obtaining control of lost, mislaid or mistakenly delivered property; and (e) obtaining services by deception." (Footnotes omitted).

The statute also divided the offense of theft into a felony and a misdemeanor, with the valuation of $300 being the dividing line. Section 342(f) thus provides as follows:

"(1) A person convicted of theft where the property or services that was the subject of the theft has a value of $300 or greater is guilty of a felony and shall restore the

property taken to the owner or pay him the value of the property or services, and be fined not more than $1,000, or be imprisoned for not more than 15 years, or be both fined and imprisoned in the discretion of the court.

"(2) A person convicted of theft where the property or services that was the subject of the theft has a value of less than $300 is guilty of a misdemeanor and shall restore the property taken to the owner or pay him the value of the property or services, and be fined not more than $500, or be imprisoned for not more than 18 months, or be both fined and imprisoned in the discretion of the court; however, all actions or prosecutions for theft where the property or services that was the subject of the theft has a value of less than $300 shall be commenced within 2 years after the commission of the offense."

Except for the monetary amount, this division corresponds to the previous division between grand larceny (larceny over $100, Code (1976 Repl.Vol.), Art. 27, § 340) and petty larceny (larceny under $100, Code (1976 Repl.Vol.), Art. 27, § 341). *See Kawamura v. State*, 299 Md. 276, 296, 295–296, 473 A.2d 438 (1984).

In arguing that theft under $300 is not a lesser included offense of theft of $300 or more, the State principally relies upon the language of § 341 of the consolidated theft statute, and on *Jones v. State, supra,* and *Rice v. State, supra.* As previously indicated, § 341 provides that conduct "designated as theft" in the statute "constitutes a single crime" and embraces the previously separate crimes known as larceny, embezzlement, false pretenses, receiving, etc. Section 341, however, makes no mention of the division of theft into a felony and a misdemeanor depending on value, and, in referring to previous crimes, the section omits any reference to the traditional division of larceny based upon the value of the property taken.

Moreover, neither *Jones v. State, supra,* nor *Rice v. State, supra,* dealt with the distinction between theft of $300 or more and theft under $300. The issue in *Jones* was the constitutionality of the statutory form of charging

document authorized by § 344 of the consolidated theft statute. The defendant in *Jones* argued that the charging document was required to set forth the specific means by which, or circumstances in which, the accused committed the theft. In rejecting this argument, and upholding the constitutionality of the statutory form, our opinion in *Jones* in no way touched upon the question of whether theft under $300 was a lesser included offense of theft involving $300 or more. *Rice v. State, supra,* was concerned with the nature of the alternate methods of committing theft, set forth in § 342 of the statute, for jury unanimity purposes. Like *Jones,* the *Rice* opinion does not address the issue presented in the instant case.

The State, in urging that theft under $300 is not a lesser included offense of theft over $300, emphasizes that the theft statute created a single offense and that the division between theft under and theft over $300 was for purposes of punishment. The fact that the consolidated theft statute designates theft as a single crime, and that the division into felonious and non-felonious theft may have been chiefly for the purpose of punishment, does not lead to the conclusion that a value of $300 or more is not an element of felonious theft, or that value becomes pertinent only at sentencing, or that non-felonious theft is not a lesser included offense. With respect to being a single crime divided for purpose of punishment, theft is completely similar to larceny.

■ Larceny at common law was a single offense which, by the Statute of Westminster I, 3 Edw., c. 15 (1275) was divided into grand larceny and petty larceny for the purpose of punishment. The dividing line was originally twelve pence. *See* R. Perkins, *Criminal Law* 273–274 (2d ed.1969). Nevertheless, valuation was regarded as an element of grand larceny, and the State at trial was required to prove that the goods stolen had a value of $100 or more. *See, e.g., Mercer v. State,* 237 Md. 479, 485, 206 A.2d 797 (1965) ("As we have held, on a charge of grand larceny the State must prove the value of the stolen article to be $100 or in excess thereof"); *Lauder v. State,* 233 Md. 142, 144, 195

A.2d 610 (1963) ("The State had the burden of showing that the article taken had a value of $100.00 or more, under the count for grand larceny based on ... Art. 27, § 340"); *Cofflin v. State,* 230 Md. 139, 144, 186 A.2d 216 (1962); *Horsey v. State,* 225 Md. 80, 83, 169 A.2d 457 (1961); *Holtman v. State,* 219 Md. 512, 515, 150 A.2d 223 (1959). Because the prosecution was required to prove, as an element of grand larceny, the requisite valuation, it followed that grand larceny was the greater offense and petty larceny was treated as a lesser included offense. *See* 2 East, *Pleas of the Crown,* Ch. 16, § 159 (1806); 2 Hale, *Pleas of the Crown,* § 302 (1847); 1 Hawkins, *Pleas of the Crown,* Ch. 19, § 2 (8th ed. 1824).

■ As indicated in some of the cases (*e.g., Holtman v. State, supra,* 219 Md. at 515, 150 A.2d at 224), after petty larceny was made a misdemeanor, one of the reasons for treating the requisite valuation as an element of grand larceny, to be charged and proven by the prosecution at trial, was that grand larceny was felonious and petty larceny non-felonious. One has a right, long before the sentencing phase of his trial, to know whether he is being charged with a felony or a misdemeanor. *See Whittington v. State,* 173 Md. 387, 196 A. 314 (1938). *Cf., Brinkley v. State,* 224 Md. 391, 168 A.2d 191, *cert. denied,* 368 U.S. 853, 82 S.Ct. 88, 7 L.Ed.2d 50 (1961). The same reason is fully applicable under the consolidated theft statute. One should know, long before the imposition of sentence, whether he has been charged with a felony or a misdemeanor.

■ The language of the theft statute itself suggests that valuation is an element of the offense to be set forth in the charging document. Section 344(a) of the statute provides as follows (emphasis added):

"(a) *Indictment, information, warrant, or other charging document.*—In any indictment, information, warrant, or other charging document for theft it is sufficient to use a formula substantially to the following effect: 'That A–B on the .... day of .................-

., 19..., in the County (City) aforesaid, did steal (here specifying the property or services stolen) of C–D, *having a value of (less than $300 or $300 or greater)* in violation of Article 27, § 342, of the Annotated Code of Maryland; contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.' "

If, as the State argues, value is surplusage, it is difficult to understand why the General Assembly provided for an allegation of value in the statutory form charging document.

Not only is the consolidated theft statute similar to common law larceny with regard to value being a differentiating element between a greater and a lesser included offense, but the theft statute in this regard is analogous to several other statutory provisions. For example, in *Spratt v. State*, 315 Md. 680, 556 A.2d 667 (1989), we recently dealt with malicious destruction of property, Art. 27, § 111. The Court, in an opinion by Judge Blackwell, initially pointed out that, "[w]hile the crime of malicious destruction of property has been traditionally recognized ... as one criminal offense, Maryland has codified the offense so that for many purposes it is treated as two separate crimes based upon the value of the property destroyed." 315 Md. at 681, 556 A.2d at 667. We went on to hold, because value of $300 or more is an element of the greater offense, that if the defendant is to be convicted and sentenced for the greater offense, the State

"must specifically charge and prove the value of the destroyed property, greater than $300. The defendant is entitled to a finding by the trier of fact that the State's charge of the greater offense was proven beyond a reasonable doubt." 315 Md. at 686, 556 A.2d at 669–670.

And later (*ibid.*):

"Maryland case law generally supports the notion that where a criminal statute separates the offense by a value determination, it is necessary for the State to prove value in terms of the sufficiency of the evidence."

As to statutory theft offenses, other courts have held that value is an element of the offense. With regard to the offense of theft of United States property in excess of $100 (18 U.S.C. § 641) for example, the United States Court of Appeals for the Fifth Circuit stated, *United States v. Shackelford*, 709 F.2d 911, 912 (5th Cir.), *cert. denied*, 464 U.S. 899, 104 S.Ct. 253, 78 L.Ed.2d 239 (1983):

"The value of the stolen property is an essential element of the offense in question and must be proved in the same manner as any other essential element."

*See*, in addition, the cases reviewed by Judge Blackwell in *Spratt v. State, supra*, 315 Md. at 688–690, 556 A.2d at 671.

Moreover, as our previous discussion of larceny demonstrates, merely because an offense is designated as a "single offense" does not preclude treating it as separate offenses for certain purposes. For example, in *Huffington v. State*, 302 Md. 184, 188, 486 A.2d 200, 202 (1985), *cert. denied*, 478 U.S. 1023, 106 S.Ct. 3315, 92 L.Ed.2d 745 (1986), we pointed out that, while historically "all murder is regarded as a single crime," nevertheless premeditated murder and felony murder must be treated as separate offenses, with distinct elements, for some purposes. Particularly where an offense is divided into a more serious degree and a less serious degree, based upon the presence or absence of a specific valuation or some other particular element, the division creates a greater and a lesser included offense. Thus, it is often said that premeditated first degree murder and second degree murder constitute a single crime, divided into degrees for purposes of punishment. *Gladden v. State*, 273 Md. 383, 389–390, 330 A.2d 176 (1974), and cases there cited. *See Robinson v. State*, 307 Md. 738, 749, 517 A.2d 94 (1986); *Campbell v. State*, 293 Md. 438, 441, 444 A.2d 1034 (1982). Nevertheless, second degree murder is also for some purposes treated as a different offense, being a lesser included offense of first degree murder. Similarly, robbery is usually characterized as one offense, with the division between armed robbery and basic robbery being for purposes of punishment. *Hook v. State*, 315 Md. 25, 32 n.

10, 553 A.2d 233, 236 n. 10 (1989). But, for some purposes, they are regarded as separate offenses with robbery being the lesser included offense of armed robbery. *See generally, e.g., Huffington v. State, supra,* 302 Md. at 190–191, 486 A.2d at 203–204; *State v. Moulden,* 292 Md. 666, 675–680, 441 A.2d 699 (1982); *Ward v. State,* 290 Md. 76, 92, 427 A.2d 1008 (1981); *Sweetwine v. State,* 288 Md. 199, 200–201, 421 A.2d 60, *cert. denied,* 449 U.S. 1017, 101 S.Ct. 579, 66 L.Ed.2d 477 (1980); *Bynum v. State,* 277 Md. 703, 705, 357 A.2d 339, *cert. denied,* 429 U.S. 899, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976).

Like larceny, robbery, malicious destruction of property, and murder, theft under the consolidated theft statute is divided into a greater offense and a lesser included offense, depending on the presence or absence of a particular element, namely the taking of goods having a value of $300 or more. Consequently, the *Allen* case presents the same issue as the *Hagans* case.

## III.

On several occasions in recent times this Court has noted that it has not actually decided whether a defendant, charged with a greater offense, can be convicted of a lesser included offense which was not specifically charged. *See Hook v. State, supra,* 315 Md. at 41 n. 19, 553 A.2d at 240 n. 19; *Shell v. State,* 307 Md. 46, 51 n. 2, 512 A.2d 358 (1986); *Hawkins v. State,* 291 Md. 688, 689, 436 A.2d 900 (1981); *Grimes v. State,* 290 Md. 236, 240, 429 A.2d 228 (1981); *Bennett v. State,* 229 Md. 208, 217, 182 A.2d 815 (1962).[2] Nonetheless, while not actually deciding this question, two of our earlier decisions were premised upon the clear understanding that one charged with a greater offense could be convicted of an uncharged lesser included

2. Disapproved on other grounds in *Thomas v. State,* 277 Md. 257, 267 n. 5, 353 A.2d 240 (1976).

offense. *Weighorst v. The State,* 7 Md. 442 (1855); *State v. Flannigan,* 6 Md. 167 (1854).[3]

At common law it was settled that a defendant, charged only with a greater offense, could be convicted of an uncharged lesser included offense as long as both were felonies or both misdemeanors. 2 Hale, *Pleas of the Crown, supra,* § 302; 9 Halsbury *The Law of England,* § 726 (1909); 2 Hawkins, *Pleas of the Crown, supra,* Ch. 47, §§ 5–6, 620; 1 Chitty, *Criminal Law* 520–521 (1819). *See Schmuck v. U.S.,* —— U.S. ——, 109 S.Ct. 1443, 1451–1452, 103 L.Ed.2d 734 (1989); *Beck v. Alabama,* 447 U.S. 625, 633, 100 S.Ct. 2382, 2387, 65 L.Ed.2d 392 (1980); *Brown v. State,* 206 So.2d 377, 380 (Fla.1968); *Commonwealth v. Kellyon,* 278 Pa. 59, 122 A. 166, 167 (1923); Ettinger, *In Search of a Reasoned Approach to the Lesser Included Offense,* 50 Brooklyn L.Rev., 191, 195 (1984); Note, *Beck v. Alabama: The Right to a Lesser Included Offense Instruction in Capital Cases,* 1981 Wisc.L.Rev. 560, 580 (1981).

For example, the report of *Bromley's Case* in Hetley states: "in the same manner it is, if a man be arraigned for willfull murther, and the jury find it but manslaughter.

---

3. The actual issue decided in *Weighorst* and *Flannigan* was whether, when one was charged only with a greater offense, but the jury convicted of an uncharged lesser included offense, it was necessary for the jury expressly to acquit the accused of the greater offense. The Court decided that where the lesser included offense was a distinct offense (*Flannigan,* involving murder and manslaughter) an express acquittal of the greater was necessary, but where the lesser included offense was not distinct but a lower degree of the greater (*Weighorst,* involving first degree murder and second degree murder), an express acquittal of the greater was not necessary. Today, the jury's silence on the greater would ordinarily be treated as an implied acquittal in either case. *See Green v. United States,* 355 U.S. 184, 190, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957); *State v. Moulden,* 292 Md. 666, 677–679, 441 A.2d 699 (1982); *Sweetwine v. State,* 288 Md. 199, 209–211, 421 A.2d 60, *cert. denied,* 449 U.S. 1017, 101 S.Ct. 579, 66 L.Ed.2d 477 (1980).

It is noteworthy that in the *Weighorst* case, 7 Md. at 449, counsel for the State relied on common law authorities holding that, in an indictment for grand larceny, the jury could convict of petty larceny, and dealing with the form of verdict in such cases.

That is a good verdict by all the justices." Hetley 66, 124 E.R. 347 (1630). And in *Rex v. Compton,* 3 Covington & Payne's Rep. 418 (1828), the court pointed out that, on an indictment of breaking into the house in the nighttime, and stealing goods of more than the value of 20 pounds, "if [the jury] should think the breaking was not in the nighttime, but that there was a breaking and goods stolen of any value, they may convict the prisoner of housebreaking." *See also Rex v. Dawson,* 3 Starkie 62 (1821).

One limitation upon the common law rule was where the two offenses were not both felonies or both misdemeanors. Having been indicted for a felony, the defendant could not be convicted of a misdemeanor even if the misdemeanor was a lesser included offense. 1 Bishop, *Criminal Law,* § 804 (9th ed. 1923); 2 East, *Pleas of the Crown, supra,* 737; 9 Halsbury, *supra,* § 726; Comment, *Jury Instructions on Lesser Included Offenses,* 57 Nw.L.Rev. 62, 72 (1962); McKissack, *The Included Offense Doctrine in California,* 10 U.C.L.A.L.Rev. 870, 895 (1963); *Prindiville v. People,* 42 Ill. 217 (Freeman 1866); *State v. Allen & Royster,* 11 N.C. 356 (1826); *State v. Scott,* 24 Vt. 127 (1852). *But cf. Burk v. The State,* 2 H. & J. 426, 431 (1809) (Buchanan, J., for Washington County Court).

Thus, in *Rex v. Westbeer,* 1 Leach 12, 168 Eng.Rep. 108 (1739), the court held that the defendant, who had been indicted for stealing a parchment could not be convicted for trespass. The rationale underlying the rule is that, under the common law, one indicted for a misdemeanor was entitled to certain procedural advantages not bestowed upon one indicted for a felony. Therefore, the defendant would lose those advantages if he could be convicted for a misdemeanor upon an indictment for a felony. *See Rex v. Westbeer, supra. See also* Bishop, *supra,* § 804; Comment, *supra,* 57 Nw.L.Rev. at 72.[4]

---

4. In arguing that, at common law, one charged with a greater offense could not be convicted of an uncharged lesser included offense, defense counsel in both the *Hagans* case and the *Allen* case rely on

■ With the disappearance of the common law procedural distinctions between felonies and misdemeanors, courts no longer adhere to the original common law limitation upon the rule permitting convictions on lesser included offenses. *See, e.g., State v. Shaver,* 197 Iowa 1028, 198 N.W. 329 (1924); *Ex Parte Peoples,* 69 Okl.Cr. 83, 100 P.2d 295, 296 (1940); *State v. Fitzsimon,* 18 R.I. 236, 27 A. 446 (1893); *Strader v. State,* 210 Tenn. 669, 362 S.W.2d 224 (1962); *State v. Scott, supra,* 24 Vt. at 130. *See also* 1 Bishop, *Criminal Law, supra,* § 805; *McKissack, supra,* 10 U.C.L.A.L.Rev. at 895; Comment, *supra,* 57 Nw.L.Rev. at 72–73.

The principle that a defendant, charged with a greater offense, can be convicted of an uncharged lesser included offense, has been adopted by virtually every jurisdiction in the United States which has passed upon the issue. *See, e.g., Allen v. State,* 58 Ala. 98, 99 (1877); *Prindiville v. People, supra,* 42 Ill. at 220; *State v. Vinsant,* 49 Iowa 241 (1878); *Stevens v. State,* 19 Neb. 647, 652, 28 N.W. 304 (1886); *State v. Butman,* 42 N.H. 490, 493 (5 Chandler 1861); *State v. Allen & Royster, supra,* 11 N.C. at 357. *See also* Bishop, *supra,* § 794; Hochheimer, *Laws of Crimes & Criminal Procedure,* § 264 (1897). Today, in many jurisdictions the doctrine has been codified either by statute [5] or rule.[6]

---

*Rex v. Westbeer, supra.* Counsel, however, overlook the fact that the *Westbeer* case involved a felony and a misdemeanor.

5. *See, e.g.,* Ala.Code § 13A–1–9 (1982); Ark.Stat.Ann. § 16–89–126(e)(1) (1987); Cal.Penal Code § 1159 (West 1985); Colo. Rev.Stat. § 18–1–408(5) (1986); Del.Code Ann. title 11, § 206(b) (1987); Haw.Rev.Stat. tit. 37, § 701–109(4) (1985); Idaho Code § 19–2312 (1987); Iowa Code Ann. § 813.2 Rule 21(3) (West 1979); Kan.Stat.Ann. § 21–3107(2) (1987); Ky.Rev.Stat. § 505.020 (Michie/Bobbs–Merrill 1985); La.Code Crim.Proc.Ann. arts. 814, 815 (1989); Mass.Gen.L. ch. 278, § 12 (1980); Mich.Comp.Laws Ann. 768.32 (West 1982); Minn.Stat.Ann. § 609.04 (West 1987); Miss.Code Ann. 99–19–5 (1972); Mo.Ann.Stat. § 556.046 (Vernon 1979); Mont. Code Ann. 46–16–603(3) (1987); Neb.Rev.Stat. § 29–2025 (1985); Nev. Rev.Stat. § 175.501 (1986); N.J.Stat.Ann. § 2C:1–8(d) (1988); N.Y. Crim.Proc.Law § 300.50 (Consol.1986); N.C.Gen.Stat. § 15–170

---

6. See note 6 on page 448.

The rationale underlying the lesser included offense doctrine was well-stated in Note, *The Lesser Included Offense Doctrine in Pennsylvania: Uncertainty in the Courts*, 84 Dick.L.Rev. 125, 126 (1979), as follows:

"The doctrine is a valuable tool for defendant, prosecutor, and society. From a defendant's point of view, it provides the jury with an alternative to a guilty verdict on the greater offense. From the prosecutor's viewpoint, a defendant may not go free if the evidence fails to prove an element essential to a finding of guilt on the greater offense. Society may receive a benefit because, in the latter situation, courts may release fewer defendants acquitted of the greater offense. In addition, the punishment society inflicts on a criminal may conform more accurately to the crime actually committed if a verdict on a lesser included offense is permissible."

Since the rule permitting a conviction on an uncharged lesser included offense was well-established at common law,[7] is accepted throughout the United States today, and generally promotes a just result in criminal cases, we shall adhere to it. At the same time, there are recognized limitations to which we also adhere.

One limitation concerns the definition of a lesser included offense. Courts have applied different tests to determine what is a "lesser included" or "necessarily included" offense. *See, generally,* Barnett, *The Lesser–Included Offense Doctrine: A Present Day Analysis for Practitioners*, 5 Conn.L.Rev. 255 (1972); Ettinger, *supra*, 50 Brooklyn

---

(1988); Ohio Rev.Code Ann. § 2945.74 (Anderson 1987); Okla.Stat. Ann. title 22, § 916 (West 1986); Ore.Rev.Stat. 136.460, 136.465 (1987); R.I.Gen.Laws § 12–17–14 (1981); Tex.Crim.Proc.Code Ann. § 37.08 (1981); Utah Code Ann. § 76–1–402(3) (1978); Wash.Rev. Code Ann. §§ 10.61.003, 10.61.006 (1987); Wis.Stat.Ann. § 939.66 (West 1988).

6. Fed.R.Crim.P. 31(c); Ariz.R.Crim.P. 23.3; Fla.R.Crim.P. 3.510; N.D. Crim.R. 31(c); Tenn.R.Crim.P. 31(c); Vt.R.Crim.P. 31(c).

7. *See* Article 5 of the Maryland Declaration of Rights.

L.Rev. at 195–209; Comment, *The Lesser Included Offense Doctrine in Iowa, The Gordian Knot Untied*, 59 Iowa L.Rev. 684 (1974); Note, *The Doctrine of Lesser Included Offenses in Kansas*, 15 Washburn L.J. 40, 41–47 (1976).

▆▆▆▆▆ Courts generally apply one of two definitions. Under the "required evidence" or "elements tests," courts look at the elements of the two offenses in the abstract. All of the elements of the lesser included offense must be included in the greater offense. Therefore, it must be impossible to commit the greater without also having committed the lesser.[8] *See e.g. Government of Virgin Islands v. Parrilla*, 550 F.2d 879, 881 (3rd Cir.1977); *State v. Lovelace*, 212 Neb. 356, 322 N.W.2d 673 (1982). This was the test at common law. *State v. Kupau*, 63 Hawaii 1, 2, 620 P.2d 250, 251 (1980); *People v. Jones*, 395 Mich. 379, 387, 236 N.W.2d 461, 464 (1975). Alternatively, some courts apply a more flexible test, sometimes called the "cognate approach" or the "inherent relationship approach." Under this approach, any offense seems to be regarded as an included offense either if it meets the "elements test" or if it is suggested by the language of the indictment. *See, e.g., Welch v. State*, 254 Ga. 603, 331 S.E.2d 573 (1985); *Johnson v. State*, 464 N.E.2d 1309 (Ind.1984).

A defendant is more likely to know if an offense is a lesser included offense under the elements test. That test "offers the most clarity to both practitioners and judges. Thus, perhaps the most compelling reason for adopting the [elements test] is the clarity and ease with which it can be applied. Absent a statutory modification, a single

---

8. This test is the same as the one articulated in *Morey v. Commonwealth*, 108 Mass. 433, 434 (1871), and adopted by *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), to determine whether two offenses should be deemed the same for purposes of double jeopardy. Under that test, two offenses are not the same if each "requires proof of an additional fact which the other does not." *Morey, supra*, 108 Mass. at 434. This is the normal test employed in Maryland to determine whether one offense is a lesser included offense of another. *See State v. Holmes*, 310 Md. 260, 267, 528 A.2d 1279 (1987), and cases there cited.

determination suffices to categorize the relationship between any two criminal offenses for all subsequent cases. Each party to later criminal proceedings is then on notice regarding the availability of the lesser included offense doctrine and should therefore be better prepared to present an argument specific to the issues known to be in question. Every formal accusation of a particular crime thus carries with it the same potential for mitigation." Ettinger, *supra,* 50 Brooklyn L.Rev. at 201.

Recently, in *Schmuck v. United States, supra,* 109 S.Ct. 1443, the Supreme Court held that, under federal law, the proper test is the elements test. In so holding, the Supreme Court observed (109 S.Ct. at 1452–1453):

"[T]he elements test is far more certain and predictable in its application than the inherent relationship approach. Because the elements approach involves a textual comparison of criminal statutes and does not depend on inferences that may be drawn from evidence introduced at trial, the elements approach permits both sides to know in advance what jury instructions will be available and to plan their trial strategies accordingly. The objective elements approach, moreover, promotes judicial economy by providing a clearer rule of decision and by permitting appellate courts to decide whether jury instructions were wrongly refused without reviewing the entire evidentiary record for nuances of inference."

■■■ We agree that a defendant may only be convicted of an uncharged lesser included offense if it meets the elements test.

In light of the principle that a defendant have notice of the offenses with which he is charged, some courts have recognized other limitations upon the lesser included offense doctrine. For example, where the lesser included offense is remote from the offense charged, or where it might not reasonably be obvious that the defendant faces a particular uncharged offense, the doctrine will not be applied to the defendant's detriment. In *United States v.*

*Brewster*, 506 F.2d 62, 75 n. 32 (D.C.Cir.1974), the United States Court of Appeals for the District of Columbia Circuit noted that

> "in a situation where the lesser included offense statute under which a defendant was convicted is relatively remote textually from the greater offense statute under which he was charged or where the logical connection between the statutes is not so obvious or well established, we might well hold that the lesser included offense conviction could not stand for want of proper notice in the indictment."

In *People v. Cooke*, 186 Colo. 44, 525 P.2d 426 (1974), while holding that a defendant charged with possession of a narcotic drug with intent to distribute may be convicted of simple possession, the Supreme Court of Colorado cautioned (186 Colo. at 48, 525 P.2d at 428–429):

> "Mindful of the primacy of notice within the constitutional guarantee of due process of law and of the duty of the courts to safeguard this right, we hold only that, where, as here, the lesser included offense upon which the prosecution requested an instruction is (1) easily ascertainable from the charging document, and (2) not so remote in degree from the offense charged that the prosecution's request appears to be an attempt to salvage a conviction from a case which has proven to be weak, the prosecution may obtain a lesser included offense instruction over the defendant's objection."

The Supreme Court of Ohio placed an analogous restriction on Ohio's rule. In *State v. Kuchmak*, 159 Ohio St. 363, 368, 112 N.E.2d 371, 374 (1953), the court ruled:

> "However, the doctrine of 'inferior degrees' or 'included offenses,' whereby a defendant may be found not guilty of the offense charged but guilty of a lesser included offense, relates only to offenses of the same general character and not to distinct and independent offenses of different classes."

Applying that language, the Ohio Court of Appeals held that the statutory offense of abusing or contributing to the

delinquency of a child was not a lesser included offense of gross sexual imposition. *State v. Moore,* 62 Ohio App.2d 86, 87, 404 N.E.2d 174 (1978). The court pointed out that "[t]he violations in question are found in separate chapters of the Revised Code and carry significantly different penalties." 62 Ohio App.2d at 88, 404 N.E.2d at 175. *See also State v. Ross,* 16 Ohio Ops.2d 337, 176 N.E.2d 746 (1961).

Some recent cases in Maryland dealing with greater and lesser included offenses illustrate situations where, if the defendant were charged solely with the greater offense, it would be inappropriate to submit, over the defendant's objection, the uncharged lesser included offense to the trier of facts. *See, e.g., State v. Ferrell,* 313 Md. 291, 545 A.2d 653 (1988) (underlying felony a lesser included offense of using a handgun in the commission of a felony); *Nightingale v. State,* 312 Md. 699, 542 A.2d 373 (1988) (statutory sexual offense a lesser included offense of child abuse); *Johnson v. State,* 283 Md. 196, 388 A.2d 926 (1978) (false pretenses a lesser included offense of statutory welfare fraud).

We also agree with several cases holding that, for the doctrine to be applicable, the uncharged lesser included offense must not be a more serious offense in terms of the maximum penalty prescribed by the Legislature.[9] *See United States v. Cady,* 495 F.2d 742, 747 (8th Cir.1974), where the United States Court of Appeals for the Eighth Circuit held that "the claimed lesser offense [must

---

9. When the lesser included offense is a common law offense for which the General Assembly has not prescribed a maximum penalty, the maximum penalty for the charged greater offense becomes the maximum for the lesser included offense. *See Johnson v. State,* 310 Md. 681, 689–694, 531 A.2d 675 (1987); *Gerald v. State,* 299 Md. 138, 472 A.2d 977 (1984); *Simms v. State,* 288 Md. 712, 421 A.2d 957 (1980). In this situation, therefore, the uncharged lesser included offense would not be a more serious offense in terms of maximum penalty than the greater offense. Consequently, for example, if an accused is charged only with aggravated assault, it would ordinarily be appropriate also to submit simple assault to the trier of facts.

have] a lighter penalty attached to it than does the charged offense." *See also James v. United States,* 238 F.2d 681, 683 (9th Cir.1956); *Craig v. U.S.,* 523 A.2d 567 (D.C.App. 1987); Ettinger, *supra,* 50 Brooklyn L.Rev. at 196. *But see State v. Gilman,* 105 Idaho 891, 673 P.2d 1085 (Ct.App. 1983).

In addition, courts generally hold that the defendant cannot be convicted of the lesser included offense if the statute of limitations has run on that offense even though the statute has not run on the greater offense. *See, e.g., Padie v. State,* 557 P.2d 1138 (Alaska 1976); *People v. Rose,* 28 Cal.App.3d 415, 104 Cal.Rptr. 702 (1972); Comment, *supra,* 57 Nw.L.Rev. at 66; Note, *supra,* 15 Washburn L.J. at 54.[10]

Although the lesser included offense doctrine developed at common law largely for the benefit of the prosecution, it may now also be invoked by the defendant. *Fuller v. United States,* 407 F.2d 1199, 1230 n. 40 (D.C.Cir.1968), *cert. denied,* 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969); *People v. Mussenden,* 308 N.Y. 558, 562, 127 N.E.2d 551, 553 (1955). In *Keeble v. United States,* 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973), the Supreme Court indicated that not allowing the defendant the right to request an instruction on a lesser included offense might violate the Due Process Clause of the Fifth Amendment of the United States Constitution. And in *Beck v. Alabama, supra,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392, the Court held that before the imposition of the death sentence, the jury must be allowed to consider a lesser included offense if the evidence warrants it. *See also* our recent opinion in *Hook v. State, supra,* 315 Md. 25, 553 A.2d 233 (1989).

---

**10.** Obviously, the rule that if there is no evidence to support a conviction on the lesser offense, there should not be an instruction on the lesser (*see Hook v. State,* 315 Md. 25, 553 A.2d 233, 243 (1989); *Blackwell v. State,* 278 Md. 466, 477, 365 A.2d 545 (1976), *cert. denied,* 431 U.S. 918, 97 S.Ct. 2183, 53 L.Ed.2d 229 (1977), also applies when the lesser offense is uncharged.

Courts disagree as to whether the trial court should, *sua sponte*, give a jury instruction on an uncharged lesser included offense. Some courts uphold the trial court's giving the instruction where it was neither requested nor supported by either side. *See U.S. v. Cooper*, 812 F.2d 1283 (10th Cir.1987); *People v. Wickersham*, 32 Cal.3d 307, 650 P.2d 311, 319, 185 Cal.Rptr. 436 (1982); *People v. Johnson*, 409 Mich. 552, 297 N.W.2d 115 (1980); *State v. Pribil*, 224 Neb. 28, 395 N.W.2d 543 (1986); *State v. Hicks*, 241 N.C. 156, 84 S.E.2d 545 (1954); *State v. Cook*, 319 N.W.2d 809 (S.D.1982).

Other courts, however, take the position that it is more appropriate for the parties to decide whether an instruction should be given. For example, the United States Court of Appeals for the District of Columbia Circuit in *Walker v. United States*, 418 F.2d 1116, 1119 (D.C.Cir.1969), said:

"In general the trial judge should withhold charging on lesser included offense unless one of the parties requests it, since that charge is not inevitably required in our trials, but is an issue best resolved, in our adversary system, by permitting counsel to decide on tactics. If counsel ask for a lesser-included-offense instruction, it should be freely given."

An appellate court in Illinois in *People v. Sowinski*, 148 Ill.App.3d 231, 247, 101 Ill.Dec. 326, 335, 498 N.E.2d 650, 659 (1986), expressed a similar view. In Illinois, the court has the discretion on a charge of murder to give an instruction on manslaughter even if the defendant does not request the instruction on the lesser included offense. In concluding that it was appropriate for the trial court to refrain from giving the instruction *sua sponte*, the court reasoned:

"It would appear here that the defendant did not want the jury to consider a 'compromise' verdict, but instead chose to submit an 'all or nothing' murder instruction, with the added instruction for self-defense. In view of the fact that the decision by the defendant not to have the

voluntary-manslaughter instruction given seems very well to have been part of the defense strategy, it would clearly have been improper for the trial court to have *sua sponte* given the instruction and, thus, risked the possibility of interrupting defense counsel's strategy."

The better view, we believe, is that the trial court ordinarily should not give a jury an instruction on an uncharged lesser included offense where neither side requests or affirmatively agrees to such instruction. It is a matter of prosecution and defense strategy which is best left to the parties. There is no requirement that the jury pass on each possible offense the defendant could have committed. We permit, for example, the State to nolle prosse an offense, and we allow plea bargains. When counsel for both sides consider it to be in the best interests of their clients not to have an instruction, the court should not override their judgment and instruct on the lesser included offense.

Finally, where the State enters a nolle prosequi as to an uncharged lesser included offense, or where the charging document is drawn so as necessarily to exclude the lesser included offense, it would obviously be inappropriate to submit the lesser included offense to the jury, except to the extent that the defendant desires and is entitled to have it submitted under the principles recently set forth in *Hook v. State, supra.*

Applying the above-reviewed principles to the cases at bar results in an affirmance in each case. It is conceded by the defendants that attempted breaking and entering a dwelling and theft under $300 are lesser included offenses of attempted burglary and theft over $300. The two cases fall within none of the limitations or exceptions discussed above. While the initial suggestions for submitting to the juries the lesser included offenses may have come from the trial judges in both cases, the prosecuting attorneys in each case argued for the submissions. Consistent with settled common law principles, the convictions for the lesser included offenses were proper.

JUDGMENTS AFFIRMED.

PETITIONERS TO PAY COSTS.