618 A.2d 280

**Norma Lee YOUNGER**

v.

**STATE of Maryland.**

**No. 625, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

Jan. 13, 1993.

---

5. In view of our holding here, the issue raised in the cross appeal is moot.

Gina M. Serra, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Sarah E. Page, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore and Lawrence V. Kelly, State's Atty. for Allegany County, Cumberland, on the brief), for appellee.

Submitted before GARRITY, ROSALYN B. BELL and MOTZ, JJ.

ROSALYN B. BELL, Judge.

Norma Lee Younger was convicted by a jury in the Circuit Court for Allegany County of two counts of misdemeanor theft and one count of felony theft greater than $300, pursuant to one scheme or continuing course of conduct. The charges against Younger arose out of two separate incidents of shoplifting that occurred on the same date and from stores in the same shopping mall. Since Younger raises a sufficiency of the evidence challenge to her convictions, we will discuss additional facts of the case in greater detail during our analysis of her argument.

The trial judge imposed two concurrent terms of imprisonment of 18 months for the misdemeanor theft counts, and a concurrent term of five years incarceration, with all but two years suspended, for the count charging felony theft pursuant to one scheme or a continuing course of conduct.

On appeal, Younger contends that her convictions and sentences on the three theft counts were error under either a sufficiency of the evidence theory or under the doctrine of merger. The State argues that the court did not err in submitting the three counts to the jury, but concedes it did err in failing to merge the misdemeanor theft convictions into the felony conviction.

We hold that there was sufficient evidence from which the jury could find that Younger committed the acts of theft. We also hold, however, that for sentencing purposes the convictions for the two misdemeanor thefts should have been merged with the conviction for the felony theft. Therefore, we will vacate the sentences for the two misdemeanor thefts.

## SUFFICIENCY OF THE EVIDENCE

■ Younger was charged with one count of misdemeanor theft for shoplifting goods from a Bon–Ton store and another count of misdemeanor theft for stealing goods from a Sears store. A third count of felony theft pursuant to Md.Code Ann. Art. 27, § 340($l$)(5) (1957, 1992 Repl.Vol.), was also added.

Article 27, § 340($l$)(5) provides:

"When theft is committed in violation of this subheading pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the value of the property or services aggregated in determining whether the theft is a felony or a misdemeanor."

Younger argues that the evidence was insufficient to support her theft convictions. Younger's contention that the evidence was insufficient is, in all probability, unpre-

served. Even if it were preserved, the claim is without merit.

According to the testimony from State witnesses, on May 1, 1991, Younger asked Thomas Miller and Charlene Oates to go to the Country Club Mall in Cumberland. When they arrived at the mall, all three went into the Sears store where they took several items totalling $275.92 in value. After putting these items in Oates's car, they drove around the mall to the Bon–Ton store. At Bon–Ton, they placed several items worth a total value of $209.98 in bags. Bon–Ton employees Phyllis Atkinson and Debra Loar observed this activity. As Younger, Oates and Miller were exiting Bon–Ton, they were stopped by Loar. Loar took them to the office in Bon–Ton where the items were removed from the bags. The police were then called.

When the police arrived, they obtained consent from Oates to search her car. While searching the car, the police found the merchandise taken from Sears.

Younger testified that Oates and Miller had been shopping earlier and that she went only to Bon–Ton with them. Younger stated that, when she got into Oates's car, she noticed several bags on the floor. She denied putting any of the merchandise in the bags.

Viewing the evidence in the light most favorable to the State, *see Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), sufficient evidence existed from which the jury could find (1) that Younger shoplifted goods from Bon–Ton; (2) that Younger shoplifted goods from Sears; and (3) that the two thefts were committed pursuant to a scheme or continuing course of conduct.

Employees from Bon–Ton testified that they saw Younger take store merchandise, put it in a bag, and carry it out of the store without paying for it. When the car in which Younger arrived at the mall was searched, stolen merchandise from Sears was found inside. Younger's two companions, who had earlier entered pleas of guilty, testified that Younger stole items from both Sears and Bon–Ton. Youn-

ger's companions also testified that they went with her to the mall with the intent to shoplift, and Younger provided the empty bags into which they put the stolen goods. The evidence to support the three convictions was therefore sufficient.

To the extent that Younger suggests that the three counts should not have been submitted to the jury, we disagree. The trial judge gave the jury a choice between finding Younger guilty of shoplifting at Bon–Ton or Sears or both. The court instructed the jury that, if it found Younger guilty of either or both thefts, it could then determine whether she committed the thefts as part of a continuing course of conduct. We perceive no error.

## MERGER

The trial court did, however, err in sentencing Younger on the three theft convictions. Theft with a value of less than $300 is a lesser-included offense of theft with a value of $300 or greater. *Hagans v. State,* 316 Md. 429, 438, 559 A.2d 792 (1989). In *Govostis v. State,* 74 Md.App. 457, 470–71, 538 A.2d 338, *cert. denied,* 313 Md. 7, 542 A.2d 844 (1988), we held that a separate conviction for the misdemeanor theft of the victim's personal effects within the car merged into the felony theft of the victim's car because the two thefts were part of one criminal scheme. Since Younger's two misdemeanor theft offenses were part of the felony theft scheme, the misdemeanor convictions should merge into the felony theft conviction, as they were part of the continuing course of conduct.

SENTENCES VACATED FOR THE TWO MISDE-MEANOR THEFTS.

JUDGMENTS OTHERWISE AFFIRMED.

COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY ALLEGANY COUNTY.