114

665 A.2d 685

**Steven Lane SPITZINGER**

v.

**STATE of Maryland.**

No. 58, Sept. Term, 1994.

Court of Appeals of Maryland.

Oct. 4, 1995.

Michael R. Malloy, Assistant Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

Mary Ellen Barbera, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

CHASANOW, Judge.

The defendant Steven Spitzinger was convicted of felony theft of property to the value of $300 or greater under Maryland Code (1957, 1992 Repl.Vol.), Article 27, § 342, which carries a statutory maximum penalty of 15 years imprisonment. He was sentenced to 12 years for the offense. The issue before the Court is whether the maximum penalty for felony theft must be reduced to 10 years because the jury that convicted Spitzinger of felony theft also acquitted him of robbery with a deadly weapon and simple robbery of the same property, and the maximum penalty for simple robbery under Md.Code (1957, 1992 Repl.Vol.), Art. 27, § 486 is 10 years. We must determine whether the legislature intended that the legislatively established maximum penalty for felony theft should be lowered to the maximum penalty for robbery when the defendant is convicted of theft but acquitted of robbery involving the same property.

## I. FACTS

Steven Lane Spitzinger was indicted by a grand jury in Prince George's County for robbery with a deadly weapon (armed robbery), robbery, theft of property having a value of $300 or greater (felony theft), theft of property having a value under $300 (misdemeanor theft), and related offenses. He elected a trial by jury. At his trial in the Circuit Court for Prince George's County, (Femia, J.) the jury was presented with the following facts. Terry Butler testified that he was driving his employer's Pontiac Sunbird when he stopped for a red light at the intersection of Decatur Street and Kenilworth Avenue in Prince George's County. While waiting for the

light to change, a white male approached his car on the driver's side. The man produced a small chrome automatic pistol and told Mr. Butler to get out of the car. Mr. Butler complied, and the man got into the vehicle and drove off. Within minutes after the crime, a police car approached the intersection, Mr. Butler "waived him down," and reported the robbery. Three days later, Spitzinger was found in possession of the stolen vehicle. Shortly after the car was recovered, Mr. Butler identified a photograph of Spitzinger as the person who committed the armed robbery, but at trial Mr. Butler could not make an in-court identification of Spitzinger as his assailant. Edwin Stone, Jr., Mr. Butler's employer, testified that he was the owner of the Pontiac Sunbird and that its value was $3,500.

Spitzinger took the stand in his own defense and denied being the armed robber. Spitzinger did, however, admit theft of the vehicle. He claimed he found the vehicle in a nearby Mobil gas station with the keys in the ignition and the motor running, and that he got in the unattended vehicle and drove away.

The jury was asked to return verdicts on the charge of armed robbery and the lesser included offense of robbery as well as on the charge of felony theft of property valued at $300 or greater and the lesser included offense of misdemeanor theft of property valued at under $300. The trial judge told the jury:

> "This case comes down to whether Spitzinger committed a robbery, armed or otherwise, as opposed to a theft. We all heard Spitzinger on the witness stand."

The trial judge also gave the jury instructions on merger. The judge instructed the jury that robbery would merge into armed robbery if the defendant was guilty of armed robbery, and that if the defendant was guilty of theft of $300 or greater, the misdemeanor theft count would merge into the felony theft count. Although the jury was told which counts would merge, separate verdicts were sought on the robbery counts and on the theft counts. There were several possible verdict combi-

nations on the several counts, three of them are particularly relevant to the issue before this Court. The jury could have convicted Spitzinger of armed robbery or robbery and still have acquitted him of felony theft if it did not find that the vehicle was worth $300 or more. The jury could have acquitted Spitzinger of the armed robbery and lesser included robbery but convicted him of felony theft. They also could have convicted Spitzinger of both felony theft and armed robbery or robbery. The second is the verdict ultimately returned by the jury. Spitzinger was acquitted of armed robbery and robbery but convicted of felony theft. Spitzinger apparently had an extensive prior record and the trial judge sentenced him to 12 years incarceration. Spitzinger appealed to the Court of Special Appeals contending that his acquittal on the robbery count limited his sentence on the conviction for felony theft to a maximum of 10 years. In a *per curiam* opinion the intermediate appellate court affirmed Spitzinger's conviction and sentence.

## II. LEGISLATIVE INTENT

■ Legislative intent controls our determination of the validity of Spitzinger's sentence because it is for the legislature to define criminal offenses and their punishments. The dissent states "in merger cases ... legislative intent is only one of several relevant considerations." 340 Md. 114, 132, 665 A.2d 685, 693 (1995). We disagree. It is quite clear that the legislature may provide for cumulative sentences or multiple punishments for separate crimes, even crimes that might constitute the same offense under the "same elements" test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).[1] As this Court noted in *Randall Book Corp. v. State*, 316 Md. 315, 558 A.2d 715 (1989):

---

1. The *Blockburger* test is "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

"[W]hen dealing with the question of multiple punishments imposed after a single trial, and based on the same conduct, a critical question is one of legislative intent. The *Blockburger* test is helpful in such cases as an aid in determining legislative intent, but is not dispositive."

316 Md. at 324, 558 A.2d at 720. *See also Ohio v. Johnson,* 467 U.S. 493, 500 n. 8, 104 S.Ct. 2536, 2541 n. 8, 81 L.Ed.2d 425, 433 n. 8 (1984) ("Even if the crimes are the same under *Blockburger,* if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end.").

Spitzinger contends that, as a matter of statutory interpretation, the legislature intended that a conviction for felony theft of $300 or greater is punishable by up to 15 years, except when the State adds armed robbery and robbery counts for which the defendant is acquitted. He suggests that a defendant's acquittal of armed robbery and robbery was intended by the General Assembly to reduce the maximum punishment for felony theft from 15 years to 10 years. We do not believe that the legislature intended such an illogical result. It seems more likely that when the legislature established a 15–year penalty for felony theft it meant for that maximum penalty to be applicable to everyone convicted of the crime regardless of whether the State chose to additionally prosecute for possibly related robberies.

### III. MERGER OF OFFENSES

■ Spitzinger has two contentions as to why the 15–year maximum sentence for felony theft should be reduced to the 10–year maximum sentence for robbery. His first contention is that the two *offenses* must merge and that the offense of felony theft must merge into the offense of robbery. His second contention is that, even if the offenses do not merge, cumulative or successive sentences were not intended by the legislature, and the *sentences* must merge with the sentence for felony theft merging into the potential sentence for robbery.

As previously indicated, even if felony theft was a lesser included offense of robbery, thus requiring a merger under the *Blockburger* required evidence test, the legislature could still authorize cumulative or successive punishments. The *Blockburger* test is simply an aid in determining whether the legislature may have intended to preclude cumulative punishment. *See Missouri v. Hunter,* 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535, 543 (1983); *Newton v. State,* 280 Md. 260, 274 n. 4, 373 A.2d 262, 269 n. 4 (1977). *See also Albernaz v. United States,* 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275, 282 (1981); *Whalen v. United States,* 445 U.S. 684, 691–92, 100 S.Ct. 1432, 1437–38, 63 L.Ed.2d 715, 723 (1980) (categorizing the *Blockburger* test as a "rule of statutory construction" in the single prosecution/multiple punishment context).

The two statutory felonies we must analyze in the instant case clearly do not even merge under the required evidence test because each contains an element which the other does not. Robbery requires a taking of property of any value whatsoever which is accomplished by violence or putting in fear. *Snowden v. State,* 321 Md. 612, 617, 583 A.2d 1056, 1059 (1991). Felony theft requires a taking of property that has a value of $300 or greater and that value must be charged and proved to the trier of fact. *Wadlow v. State,* 335 Md. 122, 129–30, 642 A.2d 213, 216 (1994); *Hagans v. State,* 316 Md. 429, 441–42, 559 A.2d 792, 798 (1989). Value of $300 or greater is an element of the felony theft, but not robbery; violence or putting in fear is an element of robbery, but not felony theft. It seems patently obvious that the legislature did not intend that these two separate felonies should merge, and their distinctions are apparent in the instant case. Spitzinger obviously could have been and was acquitted of the robbery offenses but convicted of felony theft. He also could have been acquitted of felony theft but convicted of the robbery offenses if the jury disbelieved the testimony about the value of the automobile being more than $300. Finally, he could have been convicted of both felony theft and the robbery offenses. Neither felony theft nor robbery are lesser included

offenses of the other and neither offense should merge into the other since each of these felonies contains an important element which the other does not.

There are at least two recent cases in this Court where neither the lower court nor this Court merged the felony theft conviction into the robbery conviction. *Jefferson–El v. State,* 330 Md. 99, 102, 622 A.2d 737, 739 (1993) (defendant was convicted of both armed robbery and felony theft and was sentenced to concurrent terms of 15 years imprisonment); *Henry v. State,* 324 Md. 204, 242–43, 596 A.2d 1024, 1043 (1991) (defendant was sentenced consecutively for, *inter alia,* felony murder, armed robbery and felony theft). This Court, in *Jefferson–El* and *Henry,* tacitly approved the fifteen year sentences for felony theft by taking no action to merge the felony theft conviction into the robbery conviction. *See Campbell v. State,* 325 Md. 488, 509, 601 A.2d 667, 677 (1992) ("Illegal sentences may be challenged at any time, even on appeal."); *see also Jordan v. State,* 323 Md. 151, 161, 591 A.2d 875, 880 (1991) (noting that this Court may correct an illegal sentence at any time) (citing *Walczak v. State,* 302 Md. 422, 427, 488 A.2d 949, 951 (1985)).

The dissent assumes that historically there was a common law merger of theft into robbery, but that assumption may not be entirely accurate. Initially, at common law, misdemeanors merged into felonies, felonies did not merge into other felonies. The common law felony of larceny may not have merged into the common law felony of robbery.

> "The common-law rule was that, if the offenses were of different degrees, there was a merger, but not if they were of the same degree. Misdemeanors merged in felonies, as assault and battery, rape, or robbery, and conspiracy to commit a felony in the felony, if committed. But *there was no merger of a felony in a felony,* as in the case of burglary and rape or larceny, *robbery, and the included larceny,* rape and murder, arson and murder." (Emphasis added) (footnotes omitted).

*Clark and Marshall Crimes* § 2.03, at 118–19 (Marian Q. Barnes ed., 7th ed. 1967). Regardless of whether there may have been a common law merger of larceny into robbery, common law larceny no longer exists. Larceny is now part of two separate statutory theft offenses,[2] misdemeanor theft and felony theft with the latter containing a value requirement different from common law larceny.

When the legislature modified common law larceny and created degrees of theft, this Court should assume that our legislature intended what it expressly enacted and that, since felony theft and robbery each contain an element not common to the other, one offense does not merge into the other. The statutory offense of felony theft does not merge into robbery under the required evidence test or under any other test of legislative intent.

There are other reasons why it seems obvious that the legislature did not intend that felony theft merge into robbery. It would not lack rational basis for the legislature to determine that a two million dollar theft is more serious than a $10 robbery where non-deadly force is threatened or used. The statutory penalties indicate that the legislature intended that stealing large amounts of property could carry a greater penalty than unarmed robbery of property worth less than $300 where both are charged. It is "rational" for the legislature, when establishing criminal penalties, to determine that there comes a point where the high value of property stolen outweighs, for punishment purposes, an unarmed robbery of a smaller amount of property. There is no reason why the offense of unarmed robbery and the offense of felony theft of property worth several thousand dollars, as in the instant case, must merge. There is no reason to assume that the

---

**2.** Although robbery has been loosely referred to as larceny by violence or putting in fear, *see, e.g., West v. State,* 312 Md. 197, 202, 539 A.2d 231, 233 (1988), robbery might not be theft by violence or putting in fear. For example, larceny requires taking of tangible personal property while theft may be of services. Maryland Code (1957, 1992 Repl. Vol., 1995 Supp.), Article 27, § 342(e). If a person accomplishes a theft of services by violence or putting in fear that might not be a robbery.

legislature intended felony theft to carry a maximum penalty of 15 years unless it might have been part of a robbery in which case the penalty was intended to be reduced to 10 years. Felony theft was obviously intended to carry a maximum of 15 years even if it occurred during a robbery.

## IV. RULE OF LENITY

Spitzinger next contends that even if the legislature may not have intended the *offenses* of robbery and felony theft to merge, there should be a merger of *penalties* based on legislative intent. We agree with this contention, though we do not agree with Spitzinger as to how the penalties merge.

In order to determine if there is a merger of penalties and the effect of that merger, we should begin by discussing whether separate cumulative punishments would be authorized for both crimes had Spitzinger been convicted of both robbery and felony theft. There are cases in this Court including *Tolbert v. State,* 315 Md. 13, 553 A.2d 228 (1989) and *West v. State,* 312 Md. 197, 539 A.2d 231 (1988) which have indicated that there should be a merger of larceny and robbery. Some of these cases are discussed in part V., *infra,* and they can best be analyzed as merger of penalties rather than merger of offenses. *See also Alston v. State,* 89 Md.App. 178, 180, 597 A.2d 1023, 1024 (1991) (noting that theft merged into robbery with a deadly weapon conviction "for sentencing purposes"). As previously discussed, we have no hesitancy in concluding that the legislature did not intend that the offense of felony theft merge with the offense of robbery and did not intend that the legislatively enacted penalty for felony theft be reduced by one-third when the theft was found to be committed during a robbery. We do, however, have some doubts, in light of our prior cases and the history of common law robbery and common law larceny, as to whether the legislature intended to authorize successive or cumulative punishment for felony theft and robbery. Those doubts must be resolved in favor of the defendant, so that under the rule of lenity the sentences for robbery and felony theft should merge. *See Gargliano v. State,* 334 Md. 428, 437, 639 A.2d 675, 679 (1994) (in cases of

ambiguity, the rule of lenity requires that doubts be resolved in favor of criminal defendants).

■ Although the rule of lenity leads us to conclude that the legislature did not intend cumulative or successive punishments for robbery and felony theft, the rule of lenity does not lead us to conclude that the legislature intended that where a person commits both of those crimes the maximum punishment for felony theft is reduced to the maximum punishment for robbery. We said in *Dillsworth v. State*, 308 Md. 354, 519 A.2d 1269 (1987):

> "Lenity ... serves only as an aid for resolving an ambiguity; it is not to be used to beget one. The rule comes into operation 'at the end of the process of construing what Congress has expressed, *not at the beginning as an overriding consideration of being lenient to wrongdoers.*'" (Emphasis omitted and added.)

308 Md. at 365, 519 A.2d at 1274 (quoting *Callanan v. United States*, 364 U.S. 587, 596, 81 S.Ct. 321, 326, 5 L.Ed.2d 312, 319 (1961)).

## V. MERGER OF PENALTIES

■ Where there is a merger of a lesser included offense into a greater offense, we are not concerned with penalties— the lesser included offense generally merges into and is subsumed by the greater offense regardless of penalties. *See, e.g., Simms v. State*, 288 Md. 712, 421 A.2d 957 (1980). There are instances, however, where two statutory offenses do not merge, but their penalties should merge. Where statutory offenses do not merge, but penalties do merge, then cumulative or successive punishments are prohibited. Where there is a merger of penalties as distinguished from offenses, on some ground, such as the rule of lenity, the lesser penalty generally merges into the greater penalty. *See State v. Burroughs*, 333 Md. 614, 626, 636 A.2d 1009, 1015 (1994) and *State v. Owens*, 320 Md. 682, 688, 579 A.2d 766, 768–69 (1990) (both quoting *State v. Jenkins*, 307 Md. 501, 521, 515 A.2d 465, 475 (1986) ("where there is merger by legislative intent, the offense

carrying the lesser maximum penalty merges into the offense carrying the greater penalty"). Although, the sentence for felony theft and the sentence for robbery do merge under the rule of lenity, a judge may still impose the full statutory maximum sentence for felony theft.

It seems obvious that where the legislature creates two separate crimes, each containing one or more elements which the other does not, but the legislature intends there to be only one punishment for a person convicted of both crimes, then the maximum authorized punishment should generally be the highest permissible punishment authorized for either of the crimes for which the defendant was convicted. We made this distinction clear in *Williams v. State*, 323 Md. 312, 593 A.2d 671 (1991), in which we said:

"[W]here there is merger based upon the required evidence test, the offense not having a distinct element merges into the offense having a distinct element. Where two offenses do not merge under the required evidence test ... and where merger is based on the rule of lenity or on other considerations, the offense carrying the lesser maximum penalty merges into the offense carrying the greater penalty." (Citations omitted).

323 Md. at 322, 593 A.2d at 676.

It would be illogical to assume, as Spitzinger contends, that the legislature intended that felony theft be punishable by up to 15 years imprisonment unless the defendant is also charged with an unarmed robbery of the same property, in which case the maximum punishment for felony theft is intended to be reduced to 10 years. It seems more logical to assume that the legislature intended that its maximum penalties are universally applicable. We should presume that, when the legislature sets a statutory maximum penalty, it intends it to be the maximum penalty for all defendants convicted of that crime.[3] A legislatively enacted maximum

---

3. There are instances where an offense with a higher penalty should merge into an offense with a lower penalty, but these are crimes where

penalty should not be invalid merely because the State elects to also charge the defendant with a related offense.

The legislature appears to have established a rational sentencing hierarchy of theft related offenses. That sentencing hierarchy is based on a graduation of severity with carjacking, Md.Code (1957, 1992 Repl.Vol., 1995 Supp.), Art. 27, § 348A, the most severe offense carrying a maximum penalty of 30 years consecutive to its underlying offenses,[4] armed robbery is the next most severe offense, regardless of the amount stolen, carrying a maximum penalty of 20 years, then comes felony theft of $300 or greater carrying a maximum penalty of 15 years, then comes unarmed robbery carrying a maximum penalty of 10 years, and finally misdemeanor theft carrying a maximum penalty of 18 months. If there must be a merger of penalties for sentencing purposes where two or more of these offenses are tried together, there is no reason why a higher penalty must yield to a lower penalty. This Court should not proclaim that robbery is *per se* a more serious crime than felony theft in spite of the fact that the legislature, in setting the punishments for both crimes, has dictated precisely the contrary.

---

the additional element of the offense with a lower penalty was a mitigating circumstance or cases where the offense with the greater penalty was a common law offense with no statutory maximum.

4. The carjacking statute, Md.Code (1957, 1992 Repl.Vol., 1995 Supp.), Art. 27, § 348A, effective April 26, 1993, creates the crimes of carjacking and armed carjacking, which are felonies both carrying a maximum of 30 years imprisonment consecutive to all underlying offenses. Carjacking is defined as obtaining "unauthorized possession or control of a motor vehicle from another individual in actual possession by force or violence, or by putting that individual in fear through intimidation or threat of force or violence." Md.Code (1957, 1992 Repl.Vol., 1995 Supp.), Art. 27, § 348A(b)(1). The policy with regard to consecutive sentences, as well as merger for this arguably redundant offense and its underlying offenses of robbery, theft, and assault, is stated as follows:

"*Additional to other offenses.*—The sentence imposed under this section may be imposed separate from and consecutive to a sentence for any other offense arising from the conduct underlying the offenses of carjacking or armed carjacking."

Md.Code (1957, 1992 Repl.Vol., 1995 Supp.), Art. 27, § 348A(d).

When determining legislative intent we should keep in mind the admonition of the Supreme Court that statutes should be given a "commonsensical meaning." *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221, 73 S.Ct. 227, 229, 97 L.Ed. 260, 264 (1952). In merging the 15–year penalty provision for felony theft and the 10–year penalty provision for robbery, it would be "commonsensical" to hold that the legislature intended that where there is a conviction for robbery and for felony theft the potential maximum penalty is 15 years under the felony theft count and where there is a conviction for robbery and misdemeanor theft or for robbery alone then the potential maximum penalty is 10 years. This is far more "commonsensical" than the rather illogical conclusion that the legislature intended that *a theft* of property worth $300 or greater carries a maximum of 15 years but *a robbery and theft* of property worth $300 or greater carries a maximum of only 10 years.

It is also noteworthy that each of this Court's cases cited as authority for the dissent's statement "[s]ince the enactment of the consolidated theft statute, the practice of merging grand larceny into robbery has continued with respect to convictions for felony theft and robbery," 340 Md. at 139, 665 A.2d at 697, are all cases where the offense with the lower penalty merged with the offense with the higher penalty. None of those cases reduced a legislatively set maximum penalty and merged a higher penalty theft into a lower penalty robbery. In *Tolbert*, 315 Md. at 15 n. 1, 553 A.2d at 228 n. 1, the felony theft merged into the robbery conviction for sentencing purposes, but the robbery was a subsequent offense carrying a mandatory sentence of 25 years without parole. *West, supra*, involved what this Court determined to be misdemeanor thefts under $300. The balance of the cases cited by the dissent are cases where the 15–year maximum penalty felony theft merged for sentencing purposes into a 20–year maximum penalty armed robbery conviction. Thus, the robbery/larceny sentencing merger cases cited by the dissent are cases where a lower penalty theft count merged for sentencing into the higher penalty robbery count, which was usually an armed robbery.

In addition, none of the cases from other jurisdictions cited by the dissent merged a higher penalty theft into a lower penalty robbery for sentencing purposes.

 The dissent would change the 15-year legislatively established maximum penalty for felony theft to 10 years because "historical practice is relevant when deciding merger questions ... [and] at common law, the consistent practice was to merge grand larceny and robbery...." 340 Md. at 135, 665 A.2d at 695. If there is an irreconcilable conflict between a statute and common law or historical practice, the statute changes the common law, the common law does not change the statute. Common law rules may be changed or modified by statute. *Wildermuth v. State*, 310 Md. 496, 529, 530 A.2d 275, 291–92 (1987); *Jones v. State*, 303 Md. 323, 337 n. 10, 493 A.2d 1062, 1069 n. 10 (1985); *Pope v. State*, 284 Md. 309, 341, 396 A.2d 1054, 1073 (1979).

 Where, as in the instant case, there is a merger of penalties based on the rule of lenity, it is quite clear that lenity only requires that the lower penalty merges into the higher penalty. See *Williams, supra*, 323 Md. at 322, 593 A.2d at 676 (citing *White v. State*, 318 Md. 740, 747, 569 A.2d 1271, 1274 (1990) and *Jenkins*, 307 Md. at 521, 515 A.2d at 475). Thus, felony theft could merge into robbery for sentencing purposes unless the sentencing judge intends to impose a higher penalty for felony theft in which case the judge would merge the robbery into the felony theft for sentencing purposes.[5]

 This Court has consistently recognized the basic hornbook law that the method for resolving the statutory

---

5. In sentencing for convictions of both felony theft and robbery, the judge may impose the appropriate sentence under either count and indicate that the disposition of the other count is that the sentence is merged. Where the sentence is imposed for felony theft and the disposition of the robbery count is that the sentence is merged, this is still a conviction and sentence for a crime of violence under Md.Code (1957, 1992 Repl.Vol., 1995 Supp.), Art. 27, § 643B and related statutes.

construction issue of whether there is a merger of statutory crimes and/or statutory penalties is a common sense search for legislative intent. A "commonsensical" legislature could not have intended that felony theft of property valued at $300 or more carries a maximum penalty of up to 15 years if committed by stealth, but if committed by violence or threat of violence then the maximum penalty for felony theft is reduced to only 10 years. At very least, a "commonsensical" legislature would have intended that all felony thefts be punishable by a maximum of 15 years and that 15–year maximum penalty should not be reduced by one-third just because the felony theft might have been committed during a robbery. Merely because Spitzinger was acquitted of an armed robbery and lesser included robbery does not justify reducing to 10 years the 15–year maximum penalty for the felony theft for which Spitzinger was found guilty.

*JUDGMENT AFFIRMED. COSTS TO BE PAID BY THE PETITIONER.*

Dissenting Opinion by RAKER, J., in which ELDRIDGE and BELL, JJ. join.

RAKER, Judge, dissenting:

The majority in this case decides that a defendant who has been acquitted of robbery but convicted of felony theft may be sentenced to a longer prison term than the maximum allowed for a robbery conviction. This conclusion is premised on the majority's determination that the General Assembly intended to alter the relationship between robbery and theft when it enacted the consolidated theft statute, 1978 Maryland Laws ch. 849, at 2461 (codified as amended at Maryland Code (1957, 1992 Repl.Vol., 1994 Cum.Supp.) Art. 27, §§ 340 *et seq.*). Because I believe that the majority misconstrues the legislative intent and ignores longstanding policies and historical practices, I dissent.

I would hold that felony theft merges into robbery for penalty purposes where the two convictions arise from the same act or acts. Accordingly, if Spitzinger had been convict-

ed of both robbery and felony theft, he would have been subject to a maximum sentence of ten years. Under the rule enunciated in *Simms v. State*, 288 Md. 712, 421 A.2d 957 (1980), this limit should apply even though Spitzinger was acquitted of the robbery charge.

## I.

The majority's analysis begins by stating that "[l]egislative intent controls our determination of the validity of Spitzinger's sentence because it is for the legislature to define criminal offenses and their punishments." Majority Op. at 119. This statement is incomplete; furthermore, even if it were entirely accurate, I would find the majority's analysis of legislative intent unpersuasive.

The statement is incomplete because in merger cases this Court looks at numerous factors other than legislative intent. The predominant test, of course, is the "required evidence test." *Williams v. State*, 323 Md. 312, 316, 593 A.2d 671, 673 (1991). The majority characterizes this test as "simply an aid in determining whether the legislature may have intended to preclude cumulative punishment." Majority Op. at 121. The majority relies on United States Supreme Court cases to support this proposition; this authority is persuasive, perhaps, but it is not binding in a case decided under Maryland common law. There are some statements in Maryland cases that arguably support the majority's assertion, *see, e.g., Randall Book Corp. v. State*, 316 Md. 315, 324, 558 A.2d 715, 720 (1989), but we emphatically repudiated the majority's view of the required evidence test in *State v. Lancaster*, 332 Md. 385, 631 A.2d 453 (1993):

> Under this Court's decisions, the required evidence test is not simply another rule of statutory construction. Instead, it is a long-standing rule of law to determine whether one offense is included within another when both are based on the same act or acts.

*Id.* at 409, 631 A.2d at 466.

This Court has also considered several other criteria:

> [I]n deciding merger questions, we have examined the position taken in other jurisdictions. We have also looked to whether the type of act has historically resulted in multiple punishment. The fairness of multiple · punishments in a particular situation is obviously important.

*White v. State,* 318 Md. 740, 746, 569 A.2d 1271, 1274 (1990) (citations omitted). Each of these factors is independent of the legislative intent. Thus, in merger cases, express statutory language [1] will ordinarily control the outcome, but legislative intent is only one of several relevant considerations.

I shall explain below why I believe these other considerations, excluding the required evidence test and fairness, militate against the result reached by the majority.[2] In this section, I shall indicate why I believe the legislative intent runs contrary to the majority's view.

My exploration of the legislative intent begins with the principle that where a criminal statute addresses a common-law offense, "it is not to be presumed that the legislature ... intended to make any alteration in the common law other than what has been specified and plainly pronounced." *Gleaton v. State,* 235 Md. 271, 277, 201 A.2d 353, 356 (1964). As we recently observed:

> "[S]tatutes are not presumed to make any alterations in the common law further than is expressly declared, and ... a statute, made in the affirmative without any negative expressed or implied, does not take away the common law. The rules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language."

*Richwind v. Brunson,* 335 Md. 661, 672, 645 A.2d 1147, 1152 (1994) (quoting *Lutz v. State,* 167 Md. 12, 15, 172 A. 354, 356

---

**1.** An example of this language appears in the carjacking statute, which I discuss below.

**2.** I agree with the majority opinion, for the reasons stated therein, that the offenses do not merge under a strict application of the required evidence test. I believe that fairness favors merger but does not necessarily indicate which offense merges into the other.

(1934)). This principle seems especially pertinent in the context of the consolidated theft statute, in which the General Assembly expressly stated its intent to "embrace" the common-law theft offenses. Maryland Code (1957, 1992 Repl.Vol., 1994 Cum.Supp.) Art. 27, § 341.[3]

As I recount below, the historical understanding was that theft was included within robbery, and that robbery was more severe; in accord with this understanding, the courts of Maryland routinely merged grand larceny offenses into theft offenses for sentencing purposes. Thus, the application of the principle that statutes displace the common law only where expressly declared leads to the conclusion that the General Assembly did not intend to abrogate this common-law merger rule.

I find additional support for this conclusion in the Maryland carjacking statute, § 348A of Article 27. The carjacking statute contains the following cumulative sentencing provision:

> The sentence imposed under this section may be imposed separate from and consecutive to a sentence for any other offense arising from the conduct underlying the offenses of carjacking or armed carjacking.

Art. 27, § 348A(d). If the General Assembly did not anticipate that included offenses of carjacking would merge with each other or with the carjacking, there would have been no need to include § 348A(d).

The majority, disregarding our rules of construction, cursorily dismisses all larceny practices:

> Regardless of whether there may have been a common law merger of larceny into robbery, common law larceny no longer exists. Larceny is now part of two separate statutory theft offenses, misdemeanor theft and felony theft with

---

3. Unless otherwise indicated, all statutory citations herein are to Maryland Code (1957, 1992 Repl.Vol., 1994 Cum.Supp.) Article 27.

the latter containing a value requirement different from common law larceny.[4]

Majority Op. at 123 (footnote omitted). This interpretation of the statute defies the very language of the statute itself, which states, "[c]onduct designated as theft in this subheading constitutes *a single crime* embracing, among others, the separate crimes heretofore known as larceny, larceny by trick, [and] larceny after trust...." Art. 27, § 341 (emphasis added).

Moreover, the legislative history contradicts the majority's apparent belief that larceny cases are irrelevant. The General Assembly enacted the consolidated theft statute to "eliminate these technical and absurd distinctions that have plagued the larceny related offenses." Joint Subcommittee on Theft Related Offenses, Revision of Maryland Theft Laws and Bad Check Laws 2 (1978). That the new statute was not intended to effect a decisive break from the common law is reflected in the similarities between statutory theft and common law larceny, such as the division of the offense, based on the value of the property stolen, into felony and misdemeanor forms. *See Hagans v. State*, 316 Md. 429, 438, 559 A.2d 792, 797 (1989) ("With respect to being a single crime divided for purpose of punishment, theft is completely similar to larceny.").

Another similarity between theft and larceny, especially significant in this context, is in the penalties: they are identical. *Compare* Art. 27, § 342(f) *with* Maryland Code (1957, 1971 Repl.Vol.) Art. 27, §§ 340 & 341. Notwithstanding this identity, the majority imputes to the General Assembly the intent to revise the traditional view of the theft-related offenses and to establish an innovative "rational sentencing

---

4. It is not clear what is meant by the phrase "a value requirement different from common law larceny." It is true that the value requirement for grand larceny was $100, Maryland Code (1957, 1971 Repl. Vol.) Article 27, § 340, while it is $300 for felony theft, Article 27, § 342(f). The legislative history makes clear, however, that the change reflected inflation, not a substantial policy change. Joint Subcommittee on Theft Related Offenses, Revision of Maryland Theft Laws and Bad Check Laws 46 (1978).

hierarchy." Majority Op. at 127. The fact that the penalties for larceny were incorporated into the theft statute demonstrates, however, that the consolidated theft statute did nothing to revise the traditional sentencing hierarchy. This reinforces, rather than excuses, the application of the *Richwind* principle.

In sum, I do not believe that the General Assembly intended to abrogate the common-law merger policies. On the contrary, it appears to me, based on our rules of construction and on the similarities between statutory theft and the pre-existing larceny-type offenses, that the General Assembly intended to preserve most of the historic attributes of larceny, including the relationship between larceny and robbery.

## II.

### A.

In the previous section, I explained why I believe that the Legislature intended to preserve the traditional merger practices relating to theft offenses and robbery. I also noted that historical practice is relevant when deciding merger questions. As I now discuss, at common law, the consistent practice was to merge grand larceny and robbery, a form of compound larceny, when the two convictions arose from the same act or acts.

This Court has found merger based on historical practice where two offenses with distinct elements have traditionally been regarded as the same offense, or where a single offense can be committed in multiple distinct ways. For instance, in *Huffington v. State,* 302 Md. 184, 486 A.2d 200 (1985), we stated, "[i]n Maryland the homicide of one person ordinarily gives rise to a single homicide offense, and multiple prosecutions or punishments for different homicide offenses, based on the slaying of one person, are generally precluded." *Id.* at 189 n. 4, 486 A.2d at 203 n. 4. The Court noted that this treatment is based on historical practice, not on the required evidence test:

[H]istorically, and for some purposes today, all murder is regarded as a single crime. Moreover, generally for pur-

poses of the double jeopardy prohibitions against successive trials or multiple punishments, premeditated murder and felony murder would be deemed the same offense. This is analogous to first degree murder and second degree murder being deemed the same offense for such purposes. Nevertheless, premeditated murder and felony murder do not have entirely identical elements....

*Id.* at 188, 486 A.2d at 202 (citations omitted). I believe that theft and robbery bear a similar relationship to each other.

My analysis of the historical practice relating to theft and robbery begins with an exploration of larceny, a common-law crime which is now subsumed within Maryland's consolidated theft statute. Art. 27, § 341. This Court has frequently found it helpful to consider cases and other authority relating to larceny when construing the theft statute. *See, e.g., Hagans v. State,* 316 Md. 429, 440, 559 A.2d 792, 797 (1989); *West v. State,* 312 Md. 197, 202 n. 1, 539 A.2d 231, 233 n. 1 (1988).

In 1275, the Statute of Westminster, 3 Edw. 1 (1275) (Eng.), divided the common-law offense of larceny into two degrees, with grand larceny encompassing larceny of property having a value in excess of twelve pence and petit larceny encompassing larceny of property having a value of twelve pence or less. W. Clark & W. Marshall, *A Treatise on the Law of Crimes* § 12.07, at 870 (M. Barnes ed., 7th ed. 1967); R. Perkins, *Criminal Law* 232 (2d ed. 1969). This statutory bifurcation was incorporated into the American common law. Clark & Marshall, *supra,* § 12.07, at 870. Under this scheme, petit larceny was a variant of the basic offense of grand larceny:

As a matter of logic grand larceny might have been regarded as an aggravated form of larceny, but this was not the view. On the contrary, if the value of the property stolen did not exceed twelve pence this was regarded as a *mitigating* circumstance which entitled the thief to be spared from the extreme penalty (death).

Perkins, *supra,* at 276.

Robbery, in turn, is a compound larceny. Clark & Marshall, *supra,* § 12.08, at 874. Chief Judge Murphy, writing for

this Court in *West,* defined robbery as "larceny from the person, accompanied by violence or putting in fear." 312 Md. at 202, 539 A.2d at 233. The opinion went on to explore historical sources:

> In William Hawkins' *Treatise of the Pleas of the Crown,* published in 1724, in the chapter entitled "Of Robbery," it is said:
>
>> "Sect. 2. Larceny from the Person of a Man either puts him in Fear, and then it is called Robbery; or does not put him in Fear, and then it is called barely, Larceny from the Person.
>>
>> Sect. 3. Robbery is a felonious and violent Taking away from the Person of another, Goods or Money to any Value, putting him in Fear."
>
> John Latrobe's *Justice's Practice under the Laws of Maryland,* published in 1826, is evidence of the early adherence of Maryland to this requirement, for Section 1252 of that authority states:
>
>> "Open and violent larceny from the person, or *robbery,* is the felonious and forcible taking from the person of another, of goods or money to any value, by violence, or putting him in fear. The putting in fear distinguishes it from other larcenies. 4 *Blac.Comm.* 242." *Id.* at 284.

*Id.* at 203, 539 A.2d at 233–34.

Accordingly, under the common law, larceny was a lesser included offense of robbery. *Vogel v. State,* 76 Md.App. 56, 62, 543 A.2d 398, 401 (1988), *aff'd,* 315 Md. 458, 554 A.2d 1231 (1989); W. Clark, Jr., *Handbook of Criminal Law* 373 (3d ed. 1915); Clark & Marshall, *supra,* § 12.09, at 882; R. Gilbert & C. Moylan, Jr., *Maryland Criminal Law: Practice and Procedure* § 12.0, at 138 (1983) (noting that "robbery is larceny or theft by force"); L. Hochheimer, *The Law of Crimes and Criminal Procedure* § 432, at 467 (2d ed. 1904) ("Robbery is larceny, or theft, aggravated by the circumstance of a taking from the person by means of force or violence."); 2 W. LaFave & A. Scott, *Substantive Criminal Law* § 8.11, at 437 n. 2 (1986); Perkins, *supra,* at 280; 4 C. Torcia, *Wharton's*

*Criminal Law* § 472, at 49 (14th ed. 1981). As the Court of Special Appeals stated in *Gray v. State,* 10 Md.App. 478, 271 A.2d 390 (1970), "[r]obbery, a common law offense in Maryland, is grand or petit larceny from the person of another by violence." *Id.* at 480, 271 A.2d at 392.

Furthermore, the prevailing practice at common law was to merge grand larceny convictions into robbery convictions.[5] *See Smallwood v. State,* 51 Md.App. 463, 464, 443 A.2d 1003, 1004 (1982) (noting that the trial judge merged a grand larceny conviction into an armed robbery conviction); *Burley v. State,* 8 Md.App. 702, 708, 262 A.2d 769, 772 (1970) (vacating a grand larceny conviction, on merger grounds, because the defendant had been convicted of armed robbery); *Smith v. State,* 6 Md.App. 59, 70, 250 A.2d 285, 292 (noting that the trial judge merged a grand larceny conviction into an armed robbery conviction), *cert. denied,* 254 Md. 720 (1969), *and cert. denied, Samuels v. State,* 255 Md. 743 (1969) (companion case to *Smith* ), *cert. denied,* 397 U.S. 1057, 90 S.Ct. 1402, 25 L.Ed.2d 674 (1970); *Price v. State,* 3 Md.App. 155, 160, 238 A.2d 275, 278 (1968) (Orth, J.) (vacating a grand larceny conviction, on merger grounds, because the defendant had been convicted of armed robbery); *see also Harris v. State,* 241 Md. 596, 597, 217 A.2d 307, 307–08 (1966) (describing the appellant's challenge to the trial court's imposition of separate penalties for grand larceny, assault, and robbery and the court's subsequent decision to strike the robbery verdict and allow the larceny and assault penalties to stand).

---

**5.** The majority opinion quotes Clark and Marshall to the effect that, at common law, "there was no merger of a felony in a felony." Majority Op. at 122 (quoting Clark & Marshall, *supra,* § 2.03, at 118–19) (emphasis omitted). The quoted passage is not discussing cumulative punishments, however, but rather "whether there may be a prosecution for any one of these offenses, or whether one of them merges and extinguishes the others, so that it alone can be prosecuted." Clark & Marshall, *supra,* § 2.03, at 118. With respect to merger for punishment purposes, it is well-settled that one felony can merge into another. *See, e.g., White v. State,* 318 Md. 740, 748, 569 A.2d 1271, 1275 (1990) (merging child abuse, in violation of § 35A of Article 27, into murder); *Newton v. State,* 280 Md. 260, 274, 373 A.2d 262, 270 (1977) (merging the predicate felony into a felony murder conviction).

I have found only one case where the trial court imposed separate punishments for robbery and grand larceny and the reviewing court did not vacate either sentence. *See Tobias v. State,* 37 Md.App. 605, 607, 378 A.2d 698, 700 (1977) (noting that the trial court had sentenced the defendant to concurrent prison terms for robbery and grand larceny). The *Tobias* court does not indicate, however, whether the two convictions arose from a single transaction or whether the defendant ever objected to his sentence.

Since the enactment of the consolidated theft statute, the practice of merging grand larceny into robbery has continued with respect to convictions for felony theft and robbery. *See Tolbert v. State,* 315 Md. 13, 15 n. 1, 553 A.2d 228, 228 n. 1 (1989) (noting that the trial court merged a felony theft conviction into a robbery conviction); *West,* 312 Md. at 201, 539 A.2d at 232-33 (1987) (same); *Wiggins v. State,* 76 Md. App. 188, 190 & n. 1, 544 A.2d 8, 9 & n. 1 (1988) (noting that the trial court merged a felony theft conviction into an armed robbery conviction), *rev'd on other grounds,* 315 Md. 232, 554 A.2d 356 (1989). I have found two cases that appear to contravene this practice, but, once again, it is not clear whether the convictions in those cases arose from the same transactions. *See Jefferson–El v. State,* 330 Md. 99, 102, 622 A.2d 737, 739 (1993) (noting that the defendant had been sentenced to concurrent terms for grand larceny and robbery); *Henry v. State,* 324 Md. 204, 243, 596 A.2d 1024, 1043 (1991) (noting that defendant had been sentenced consecutively for felony murder and robbery, on top of several additional terms of incarceration and two death sentences), *cert. denied,* 503 U.S. 972, 112 S.Ct. 1590, 118 L.Ed.2d 307 (1992). Furthermore, there is no indication that these sentences were ever challenged; in *Henry,* in fact, the defendant's briefs before this Court do not mention propriety of cumulative punishments.

It follows from this premise, that merger of theft and robbery is proper based on historical practice and the legislative intent to continue that practice, that theft should merge into robbery, not vice versa.

### B.

As the majority correctly states, where merger is not based on the required evidence test, the *ordinary* rule is that the offense with the lower penalty merges into the offense with the more severe penalty. *State v. Burroughs*, 333 Md. 614, 626, 636 A.2d 1009, 1015 (1994). Application of this rule is inappropriate, however, where the offenses merge on the basis of historical practice.

Of the cases holding that merger follows the allowable penalties when not based on the required evidence test, not one involved merger based on historical practice. *See Burroughs*, 333 Md. at 625–26, 636 A.2d at 1015 (finding merger based on the intent of the General Assembly to reach the same conduct within the two relevant statutes); *Williams v. State*, 323 Md. 312, 322–26, 593 A.2d 671, 676–77 (1991) (finding merger based on the rule of lenity, decisions in other states, and "[c]onsiderations of fairness and reasonableness"); *State v. Owens*, 320 Md. 682, 688, 579 A.2d 766, 768 (1990) (finding merger based on "common sense" and legislative intent); *White v. State*, 318 Md. 740, 747–48, 569 A.2d 1271, 1275 (1990) (finding merger based on the rule of lenity and the resemblance of the statutory offense involved to traditional lesser included offenses); *State v. Jenkins*, 307 Md. 501, 518–21, 515 A.2d 465, 474–75 (1986) (finding merger based on decisions in other jurisdictions).

Moreover, despite the majority's repeated claims, *see* Majority Op. at 120, 126, 128, it is not illogical to conclude that the General Assembly provided a greater penalty for a lesser offense. As this Court explained in *Gerald v. State*, 299 Md. 138, 472 A.2d 977 (1984), the State ordinarily is able to dictate, through its control over charging, the penalties to which the defendant is exposed:

> [W]hen the State placed Gerald in jeopardy on both the armed robbery and robbery charges, it was seeking a prosecution not only on a charge carrying a maximum possible sentence of 20 years, but, in the alternative, a charge carrying a maximum possible sentence of only 10

years. Had it believed that Gerald's conduct was so atrocious as to warrant a sentence subject only to constitutional limitations, it could have gone to trial only on the simple assault charge, or, if it thought that justice would be served by a possible maximum sentence of 20 years, it could have proceeded on the armed robbery and assault charges. Of course, in such event, the prosecution would have to enter a *nolle prosequi* before jeopardy attached with respect to the charges it did not wish to pursue. But by putting Gerald to trial on both aggravated assaults, the prosecution indicated its acquiescence to a possible maximum sentence of 10 years. Under such circumstances, it is unfair to permit the State to exact a more severe and unanticipated penalty than that which could have been imposed if the prosecution, even though not able to prove armed robbery, had been successful in proving robbery.

*Id.* at 145, 472 A.2d at 981 (citations omitted). The same logic applies here; in this case, as in *Gerald,* if the State thought that a ten-year maximum would be insufficient, it could have brought charges for armed robbery and felony theft only. *See also Thomas v. State,* 333 Md. 84, 91, 634 A.2d 1, 4 (1993) ("*Simms* has direct application only when a greater offense has been charged and jeopardy has attached with respect to that greater offense.").

Finally, the majority's view is inconsistent not only with established practice but also with the historical understanding of the relationship between theft and robbery. The majority states that "[t]his Court should not proclaim that robbery is *per se* a more serious crime than felony theft in spite of the fact that the legislature, in setting the punishments for both crimes, has dictated precisely the contrary." Majority Op. at 127. Robbery has always been regarded as the more serious offense, because it involves "misappropriation of property under circumstances involving a danger to the person as well as a danger to property." 2 W. LaFave & A. Scott, Jr., *Substantive Criminal Law* § 8.11, at 437 (1986) (footnote omitted); *see also* R. Perkins, *Criminal Law* 280 (2d ed. 1969) (noting the traditional view that robbery is "a more serious

offense than larceny because of the added element of personal violence or intimidation"). "Robbery may be considered a greater crime than the sum of the two lesser crimes of larceny and assault." LaFave & Scott, *supra*, at 437 n. 4; *see also* MODEL PENAL CODE § 222.1 cmt. 1 (1980). While it is within the power of the Legislature to adopt a contrary policy, nothing in the consolidated theft statute indicates that the General Assembly has done so. As we have previously indicated, the penalties for grand larceny, felony theft, and robbery remained the same following the enactment of the consolidation statute. While the Legislature could place a greater value on property than on personal safety, the majority offers absolutely no support for the view that the General Assembly has done so merely by enacting the consolidated theft statute.

## III.

The final consideration that rebuts the majority's view is the practice in other jurisdictions with respect to the merger of theft and robbery offenses. There is relatively little authority from other jurisdictions on the question of whether felony theft (sometimes called "grand theft") merges into robbery, but the cases that exist usually find that such merger occurs.

At least three states—California, Florida, and Utah—do not permit separate punishments for grand theft and robbery. *See People v. Pearson,* 42 Cal.3d 351, 228 Cal.Rptr. 509, 510, 721 P.2d 595, 596 (1986); *People v. Cole,* 31 Cal.3d 568, 183 Cal.Rptr. 350, 359, 645 P.2d 1182, 1191 (1982); *People v. Gamble,* 22 Cal.App.4th 446, 27 Cal.Rptr.2d 451, 453 (1994); *People v. Rush,* 16 Cal.App.4th 20, 20 Cal.Rptr.2d 15, 16 (1993); *People v. Gomez,* 2 Cal.App.4th 819, 3 Cal.Rptr.2d 418, 422 (1992); *People v. Brew,* 2 Cal.App.4th 99, 2 Cal.Rptr.2d 851, 855 (1991); *People v. Irvin,* 230 Cal.App.3d 180, 281 Cal.Rptr. 195, 198 (1991); *Sirmons v. State,* 634 So.2d 153, 154 (Fla.1994); *State v. Branch,* 743 P.2d 1187, 1192 (Utah 1987), *cert. denied,* 485 U.S. 1036, 108 S.Ct. 1597, 99 L.Ed.2d 911 (1988); *see also State v. Davis,* 6 Ohio St.3d 91, 451 N.E.2d 772, 776 (1983) (concluding that grand theft, incorporating the element of value, is a lesser included offense of robbery). *See*

*also* R. Perkins & R. Boyce, *Criminal Law* 350 (3d ed. 1982). In all of these cases, the theft offense merged into the robbery offense.

I have found only one state, Montana, that currently permits robbery and felony theft to be punished cumulatively. *See State v. Madera,* 206 Mont. 140, 670 P.2d 552, 558 (1983) (applying the required evidence test and finding no merger of felony theft and robbery). In Montana, however, it is possible to commit robbery without completing a theft. *State v. Albrecht,* 242 Mont. 403, 791 P.2d 760, 763 (1990) (finding that the robbery statute provides for conviction if the perpetrator was "in the course of committing" a theft). Apparently, then, neither theft nor felony theft is a lesser included of robbery in Montana.

## IV.

Finally, it is also worth noting that the majority's approach leaves several critical questions unanswered.[6] While the rule that smaller penalties merge into larger penalties appears simple, it may not be so easy to apply, because, while robbery itself is punishable by only ten years, the penalty is subject to various enhancements which do not apply to theft convictions. *See* Art. 27, § 643B. Does the direction of merger always follow the basic penalties, or always follow the possible enhanced penalties, or depend on the penalties available in the individual case? Furthermore, robbery, but not felony theft, may constitute the predicate for other offenses, such as felony murder. *See* Art. 27, § 410. If a robbery merges into a

---

6. *Ultimately, the rule announced today may have little impact.* There will be a period in which convicted robbers will be subject to a fifteen-year penalty despite the ten-year statutory maximum. Legislation has been introduced into the General Assembly, however, that would increase the penalty for robbery to fifteen years. *See* House Bill 844 (1995).

If this legislation is enacted, then robbery and felony theft will carry the same penalty and there will be no way, under the majority's reasoning, of determining which offense merges into the other. Any response to this potential conundrum would be premature.

felony theft, can it then form the basis for a felony murder conviction?

The majority suggests that these problems would not arise, because it is the penalties, not the offenses, that merge, so the robbery conviction would stand even though no sentence was entered upon it. Majority Op. at 129 n. 5. Ordinarily, however, the jury should not reach a verdict on the lesser charge once it has found the defendant guilty on a greater charge. *State v. Frye*, 283 Md. 709, 723–24, 393 A.2d 1372, 1379–80 (1978). Thus, if robbery merges into felony theft, there will be no robbery conviction and no § 643B enhancement.

Even if the court records convictions for both robbery and theft, it is not at all clear, as the majority asserts, that the robbery conviction could thereafter support a § 643B enhancement. Under § 643B, enhanced penalties are not based on convictions alone, but rather on "terms of confinement" arising from such convictions. Art. 27, § 643B(b)–(c). The majority does not explain how a sentence for felony theft, which is not a crime of violence within the meaning of § 643B, can constitute a "term of confinement ... as a result of a conviction of a crime of violence." Art. 27, § 643B(c).

A different predicament arises if the defendant has already been twice convicted of crimes of violence. In that case, the defendant would be subject to a mandatory twenty-five-year sentence under § 643B. A proper instruction should characterize felony theft as a lesser included offense of robbery, not vice versa. At the time the jury is instructed, however, the trial court may not yet know of the defendant's eligibility for a § 643B enhancement. *See* Maryland Rule 4–245(c) (requiring notice of mandatory penalties only fifteen days prior to sentencing).

In conclusion, I would vacate the sentence and remand this matter for a new sentencing proceeding with the maximum permissible penalty of ten years.

I am authorized to state that Judges ELDRIDGE and BELL join in the views expressed herein.