723 A.2d 542

**Kerwin STICKNEY and Scott Fisher**

v.

**STATE of Maryland.**

**No. 556, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Jan. 29, 1999.

Margaret L. Lanier, Assistant Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellants.

Diane E. Keller, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General and Patricia Jessamy, State's Attorney for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before HOLLANDER, SONNER, and THEODORE G. BLOOM (retired, specially assigned), JJ.

SONNER, Judge.

On September 3, 1996, appellants, Kerwin Stickney and Scott Fisher, orchestrated an armed robbery of Crown Designs, a barber shop located in the 5000 block of Belair Road in Baltimore City. At approximately 7:30 p.m., appellants entered the barbershop and directed its barbers and patrons to turn over all their money. Appellant Stickney brandished a gun and threatened the occupants of the barber shop, while appellant Fisher gathered the money. John Mims, a barber at Crown Designs, testified that appellants took over $300 in cash from him alone. Mims also testified that he had seen the robbers in the barber shop approximately one week earlier. After collecting a total of $580 from the barbers and custom-

ers, appellants destroyed the store's telephone and fled the scene in an automobile.

On the day following the robbery, an anonymous neighborhood resident contacted the barber shop and informed Ashwin Ferguson, another Crown Designs barber, of the names of the robbers. The anonymous informant gave to Ferguson the names of four persons, two of whom turned out to be appellants. Three Crown Designs barbers later made pre-trial identifications of both Stickney and Fisher, who were arrested shortly thereafter.

Appellants were charged with robbery with a dangerous and deadly weapon, assault with intent to rob, use of a handgun in the commission of a felony or crime of violence, and wearing or carrying a handgun. They were tried before a jury in the Circuit Court for Baltimore City from January 29 through February 3, 1998. At the close of all the evidence, the court made the following comments to the parties' respective counsel regarding jury instructions:

> [T]hen, obviously, the offenses of robbery with a dangerous and deadly weapon, robbery. Now, in these cases with respect to the testimony against—theft is not specifically charged, but it's certainly a lesser included of the robbery with the deadly weapon or robbery. With respect to only one of the witnesses, according to my recollection, that would have been Mr. Mims, was there any testimony to suggest that the value of the property taken was three hundred dollars or greater.

On February 3, 1998, the jury convicted both appellants of one count of felony theft and four counts of misdemeanor theft. The court imposed five consecutive one-year sentences for each of appellant Fisher's five theft convictions, and five consecutive eighteen-month sentences for each of appellant Stickney's five theft convictions. Appellants, on March 10, 1998, noted this timely appeal.

On appeal, it is appellants' contention that the trial court did not have jurisdiction to try them for felony theft, because the charging documents failed expressly to charge them with such

an offense. We concur and, accordingly, reverse and remand the judgment of the lower court.

■■■■ Article 21 of the Maryland Declaration of Rights provides that each person charged with a crime must be informed of the accusation against him. *State v. Morton,* 295 Md. 487, 490, 456 A.2d 909 (1983). "It is fundamental that a court is without power to render a verdict or impose a sentence under a charging document which does not charge an offense within its jurisdiction prescribed by common law or by statute." *Williams v. State,* 302 Md. 787, 791, 490 A.2d 1277 (1985). Specifically, when no crime is charged, a court does not have the power to inquire into the facts, to apply the law, and to impose punishment for an offense. *Pulley v. State,* 287 Md. 406, 415–16, 412 A.2d 1244 (1980)(quoting *Urciolo v. State,* 272 Md. 607, 616, 325 A.2d 878 (1974)). The Supreme Court has also recognized that a "[c]onviction upon a charge not made would be sheer denial of due process." *De Jonge v. Oregon,* 299 U.S. 353, 362, 57 S.Ct. 255, 81 L.Ed. 278 (1937).

In *Hagans v. State,* 316 Md. 429, 559 A.2d 792 (1989), however, the Court of Appeals held that a defendant who is charged with a greater offense can be convicted of a lesser included offense that was not specifically charged. In doing so, the Court decided to employ the "required evidence" or "elements test" to determine precisely what constitutes a lesser included offense. *Hagans,* 316 Md. at 450, 559 A.2d 792. Under the required evidence test,[1] two offenses are not the same if each requires proof of an additional fact that the other does not. *Blockburger v. U.S.,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

■■■■ Turning to the facts of the case before us, we note that the indictments charged appellants with robbery with a dangerous and deadly weapon, assault with intent to rob, use of a

---

1. The required evidence test is the same test the Supreme Court adopted in *Blockburger v. U.S.,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether two offenses are the same for purposes of double jeopardy.

handgun in the commission of a felony or crime of violence, and wearing or carrying a handgun. The indictments did not expressly charge either appellant with felony theft and, therefore, appellants' convictions for felony theft in the absence of a charging document charging them with that offense were a clear violation of Maryland law.

Moreover, the *Hagans* exception is not applicable under the facts of the present dispute. In *Spitzinger v. State*, 340 Md. 114, 665 A.2d 685 (1995), the Court of Appeals confronted the issue of whether the offenses of felony theft and robbery merge under the required evidence test.

> The two statutory felonies we must analyze in the instant case clearly do not merge under the required evidence test because each contains an element which the other does not. Robbery requires a taking of property of any value whatsoever which is accomplished by violence or putting in fear. *Snowden v. State*, 321 Md. 612, 617, 583 A.2d 1056, 1059 (1991). Felony theft requires a taking of property that has a value of $300 or greater and that value must be charged and proved to the trier of fact. *Wadlow v. State*, 335 Md. 122, 129–30, 642 A.2d 213, 216 (1994); *Hagans v. State*, 316 Md. 429, 441–42, 559 A.2d 792, 798 (1989). Value of $300 or greater is an element of the felony theft, but not robbery; violence or putting in fear is an element of robbery, but not felony theft.

*Spitzinger*, 340 Md. at 121, 665 A.2d 685.

■ Likewise, pursuant to the Court's reasoning in *Spitzinger*, felony theft is not a lesser-included offense of robbery with a dangerous and deadly weapon. The court improperly convicted appellants of felony theft.

The State, however, contends that the court, during its discussion with the parties' respective counsel regarding jury instructions, effectively amended the indictments to include the offense of felony theft.

Maryland Rule 4–204 provides:

> On motion of a party or on its own initiative, the court at any time before verdict may permit a charging document to

be amended except that if the amendment changes the character of the offense charged, the consent of the parties is required. If amendment of a charging document reasonably so requires, the court shall grant the defendant an extension of time or continuance.

■ The amendments contemplated by Rule 4–204 are changes or modifications to an existing charge in an existing charging document. *Tapscott v. State,* 106 Md.App. 109, 134, 664 A.2d 42 (1995). In *Thanos v. State,* 282 Md. 709, 387 A.2d 286 (1978), the Court of Appeals explained:

> There is a change in the character of the offense charged where the amendment "change[s] the basic description of the offense," *Gray v. State,* 216 Md. 410, 416, 140 A.2d 643 (1958); it is equally clear that the basic description of the offense is indeed changed when an entirely different act is alleged to constitute the crime.

*Thanos,* 282 Md. at 716, 387 A.2d 286.

■ In the present dispute, the record demonstrates that the court did not intend to amend the indictment to include the offense of felony theft. Indeed, the court did not mention Rule 4–204, nor did it in any way indicate that it was actually amending the indictment. Furthermore, the court never asked for the consent of the parties, nor did it grant appellant an extension of time or continuance pursuant to Rule 4–204. A more sensible interpretation of the remarks in question is that the court was simply instructing on lesser-included offenses because it mistakenly believed that felony theft was a lesser-included offense of robbery with a dangerous and deadly weapon. The court did not effectively amend the indictment pursuant to Rule 4–204, and, consequently, it did not have jurisdiction to try appellants for the uncharged offense of felony theft.

**JUDGMENTS REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.**