*Gregg Lamonn Wright v. State of Maryland*, No. 3146, September Term, 2018. Opinion by Nazarian, J.

**CRIMINAL LAW – NATURE AND ELEMENTS OF CRIME – MERGER OF OFFENSES**

Record was unclear as to whether conviction for first-degree assault was based on the first-degree assault in the firearm modality or first-degree assault with intent to cause serious bodily injury, and therefore ambiguity required deeming the conviction based on the first-degree assault in the firearm modality.

**INDICTMENTS AND CHARGING DOCUMENTS – INCLUDED OFFENSES**

First-degree assault in the firearm modality is not a lesser-included offense of second-degree murder because the elements of first-degree assault in the firearm modality include the use of a firearm, while second-degree murder can be committed without the use of a firearm.

**CRIMINAL LAW – DETERMINATION AND DISPOSITION OF CAUSE**

After conviction of first-degree assault was vacated, appropriate remedy was to vacate remaining sentences and for case to be remanded for resentencing as to those charges; trial court imposed aggregate sentence as a package, and it was appropriate to give trial court an opportunity to redefine package's size and shape.

Circuit Court for Baltimore City
Case Nos. 100126052, 100126053, 100126054

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 3146

September Term, 2018

_____

GREGG LAMONN WRIGHT

v.

STATE OF MARYLAND

_____

Nazarian,
Zic,
Tang,

JJ.

_____

Opinion by Nazarian, J.

_____

Filed: August 30, 2022

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Gregg Lamonn Wright was convicted in 2001 in the Circuit Court for Baltimore City of, among other things, first-degree assault and the use of a handgun. Mr. Wright filed a supplemental motion to correct an illegal sentence on October 1, 2018, arguing that his twenty-five-year sentence for first-degree assault is illegal because he was never charged with that crime. At a hearing on November 14, 2018, the motions court denied the motion. After attempts to supplement the record and a hearing on the authenticity of the original charging document, there is an ambiguity about which modality of first-degree assault underlies Mr. Wright's conviction. Therefore, we hold that Mr. Wright's sentence for the first-degree assault is illegal. We reverse and remand for resentencing.

## I. BACKGROUND

The underlying facts don't bear on this appeal, but for context, Mr. Wright was accused of participating in a 1998 shooting that involved three victims. He was charged in a separate short-form indictment for each; we'll refer to them by case number. In case no. 052, Mr. Wright was charged with murder, using a handgun in the commission of a felony or crime of violence, and unlawfully wearing, carrying, and transporting a handgun. In cases nos. 053 and 054, Mr. Wright was charged with murder, first-degree assault, second-degree assault, using a handgun in the commission of a felony or crime of violence, and unlawfully wearing, carrying and transporting a handgun.

He was tried before a jury on all three indictments on April 12-24, 2001, and the original transcript from that proceeding has been lost in the interim. The record that is available reveals that at the end of trial, the trial court ruled that in case no. 052, it would

not send manslaughter to the jury.[1] The court deleted manslaughter from the verdict sheet for that case but, *sua sponte*, added first-degree assault in its place (which *had* been included in the other two indictments).[2] The jury then was instructed on both modalities of first-degree assault: second-degree assault enhanced by the use of a firearm and assault with intent to cause serious bodily injury. The jury acquitted Mr. Wright of first-degree murder and convicted him of three counts each of first-degree assault, second-degree assault, use of a handgun in the commission of a crime of violence, and wearing, carrying and transporting a handgun. On July 2, 2001, the trial court imposed the following sentences:

> Case ending in 052:
> First-degree assault: 25 years
> Use of handgun: 20 years, consecutive
>
> Case ending in 053:
> First-degree assault: 18 years, consecutive
>
> Case ending in 054:
> First-degree assault: 15 years, consecutive.

The jury was not asked to specify, and did not specify, which modality of first-degree assault underlay its convictions. Because the original circuit court transcript and part of the record from the 2001 trial have been misplaced, the motions court was

---

[1] Manslaughter was not one of the charges listed in the short-form indictment, but because manslaughter is a lesser-included offense of murder, it was included on the jury form. *See Baker v. State*, 367 Md. 648, 688 (2002).

[2] During the motions hearing, the motions court stated that the trial court "decided that manslaughter wouldn't go to the jury . . . and deleted that from the verdict form, [the trial court] then said and explained at least on the record I saw, 'I'm adding first degree assault.'"

unable to determine which modality the jury had accepted, or whether it had unanimously agreed upon either. The motions court reasoned, however, that it was more likely that the jury relied on the use of a firearm modality because Mr. Wright was convicted of the use of a handgun and wearing, carrying or transporting a handgun.

On January 17, 2019, Mr. Wright filed a timely notice of appeal.[3] We supply additional facts below as needed.

## II.    DISCUSSION

On appeal, Mr. Wright challenges the circuit court's decision to deny his motion to correct an illegal sentence, specifically his sentence for first-degree assault in case no. 052.[4] This is because, he argues, he was never charged with first-degree assault in that case: the short-form indictment included manslaughter as a lesser-included offense, but not the firearm modality of first-degree assault (which, again, was included in his other two indictments). As such, he says, he was neither expressly nor impliedly charged with first-degree assault and any sentence on that charge is illegal. The State responds that first-degree assault *is* a lesser-included of murder, and therefore Mr. Wright's sentence is legal. The State asserts as well that if we find the sentence for first-degree assault illegal, we

---

[3] The appeal was stayed while the parties attempted to supplement the record with the trial transcript and original charging documents.

[4] Mr. Wright framed his Question Presented as follows, "Did the trial court err in denying Appellant's Motion To Correct Illegal Sentence?"

The State framed its Question Presented as follows, "If the record is sufficient for this Court's review, did the circuit court properly deny Wright's motion to correct illegal sentence?"

should remand the case for resentencing.[5] We agree with Mr. Wright that his sentence for first-degree assault in case no. 052 is illegal, vacate his sentences, and remand for resentencing.

Maryland Rule 4-345(a) provides that "[t]he court may correct an illegal sentence at any time." In other words, illegal sentences may be corrected even if "(1) no objection was made when the sentence was imposed, (2) the defendant purported to consent to it, or (3) the sentence was not challenged in a timely-filed direct appeal." *Chaney v. State*, 397 Md. 460, 466 (2007). If the circuit court denies a motion to correct an illegal sentence, it can be appealed immediately. *Carlini v. State*, 215 Md. App. 415, 425 (2013).

Even so, the scope of Rule 4-345(a) is narrow. *Chaney*, 397 Md. at 466. "Rule 4-345(a) appellate review deals only with legal questions, not factual or procedural questions." *Carlini*, 215 Md. App. at 443. "Deference as to factfinding or to discretionary decisions is not involved." *Id.* "Once the outer boundary markers for a sentence are objectively established, the only question is whether the ultimate sentence itself is or is not inherently illegal." *Id.* And to qualify as an illegal sentence under Rule 4-345(a), "the illegality must inhere in the sentence itself, rather than stem from trial court error during the sentencing proceeding." *Johnson v. State*, 427 Md. 356, 367 (2012) (*quoting Matthews*

---

[5] The State also asserts that we should decline to address Mr. Wright's claim because he had not provided a copy of the key charging document and the evidence in the record did not otherwise capture the content of the 2000 indictment. In the time since the State filed its brief, though, the circuit court held a hearing and ruled that the five-page indictment provided by Mr. Wright was authentic and could be submitted for review. It is now a part of the circuit court record in this case and before us on appeal.

*v. State*, 424 Md. 503, 512 (2012)).

### A. The Circuit Court Erred In Denying The Motion To Correct Illegal Sentence.

Maryland courts have "'looked with favor upon the general trend of relaxing the formal requirements of indictments to avoid the [laborious] and often overly technical rules of common law pleading in favor of the shorter and simpler forms,'" so long as a defendant is not "'misled, or in any way deprived of his constitutional right to fair notice.'" *Baker*, 367 Md. at 688–89 (*quoting Ross v. State*, 308 Md. 337, 342–47 (1987)). In *Ross*, for example, the defendant, who was charged in the statutory language of a short-form indictment for murder in the first degree, was "clearly apprised that he [was] being charged with the crime of murder," and therefore "that he may be convicted of murder in either degree, or manslaughter." 308 Md. at 345. Similarly, in *Middleton v. State*, an indictment charged the defendant with, among other things, murder in the first degree, using language in the short-form indictment set forth in Maryland Code (2002, 2021 Repl. Vol.), Section 2-208 of the Criminal Law Article ("CR").[6] 238 Md. App. 295, 309 (2018). This Court found that "'[u]nder this statutory formula, even though it spells out murder in the first degree, the accused may be convicted of murder in the first degree, of murder in the second

---

[6] CR § 2-208, provides in relevant part:

> (a) An indictment for murder or manslaughter is sufficient if it substantially states:

> "(name of defendant) on (date) in (county) feloniously (willfully and with deliberately premeditated malice) killed (and murdered) (name of victim) against the peace, government, and dignity of the State.".

degree, or of manslaughter.'" *Id.* at 309–10 (*quoting Hook v. State*, 315 Md. 25, 32 n.11 (1989)).

Here, in the case ending in 052, Mr. Wright was charged via short-form indictment with three different counts: first-degree murder (Count I), unlawfully using a handgun in the commission of a felony (Count II), and unlawfully wearing, carrying, and transporting a handgun (Count III). First-degree assault was not included in this particular indictment.

Although a short-form indictment charges all forms of homicide, and thus the first-degree murder charge meant that he could be convicted of either degree of murder or manslaughter, the absence of a first-degree assault charge requires us to determine whether first-degree assault is a lesser-included offense of murder.

>    1. *The serious bodily harm modality of first-degree assault is a lesser included offense of murder, but the firearm modality of first-degree assault is not.*

"Merger is the common law principle that derives from the protections afforded by the Double Jeopardy Clause." *State v. Frazier*, 469 Md. 627, 641 (2020) (*citing Brooks v. State*, 439 Md. 698, 737 (2014). "It is the mechanism used to protect a convicted defendant from multiple punishments for the same offense." *Id.* (cleaned up). "The principle that a defendant, charged with a greater offense, can be convicted of an uncharged lesser-included offense, has been adopted by virtually every jurisdiction in the United States . . . ." *Hagans v. State*, 316 Md. 429, 447 (1989) (citations omitted).

"The principal test for determining whether offenses stemming from the same transaction must merge for sentencing purposes is the 'required evidence' test." *Tolen v. State*, 242 Md. App. 288, 305 (2019). Under that test, "courts look at the elements of the

two offenses in the abstract." *Hagans*, 316 Md. at 449. "All of the elements of the lesser-included offense must be included in the greater offense." *Id.* "Therefore, it must be impossible to commit the greater without also having committed the lesser." *Id.* Put another way, "'if each offense contains an element which the other does not, there is no merger under the required evidence test even though both offenses are based upon the same act or acts.'" *Nicolas v. State*, 426 Md. 385, 402 (2012) (*quoting State v. Lancaster*, 332 Md. 385, 391–92 (1993)). "'But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, and where both offenses are based on the same act or acts . . . merger follows.'" *Id.* (*quoting Lancaster*, 332 Md. at 391–92).

Whether first-degree assault merges into murder (either first- or second-degree will work, since the latter merges into the former) depends on the modality of assault underlying the conviction, and *Middleton* answers half of the question. In that case, Mr. Middleton was found guilty of robbery, conspiracy to commit robbery, and first-degree assault. 238 Md. App. at 302. He asserted that under CR § 3-202(a)(1),[7] assault in the first degree was not a lesser-included offense of murder under the required evidence test because it is possible to commit murder without committing an assault. *Id.* at 303. We disagreed. Because Mr. Middleton was charged with murder under the language in the short-form indictment, he was charged, among other things, with murder in the second degree based on the specific intent to inflict grievous bodily harm. *Id.* at 310. We pointed out that "assault

---

[7] CR § 3-202(a)(1) provides that "[a] person may not intentionally cause or attempt to cause serious physical injury to another."

7

in the first degree, under C[R] § 3-202(a)(1) is, under the required evidence test, a lesser-included offense of murder in the second degree, based upon the specific intent to inflict grievous bodily harm." *Id.* But we confined our analysis to a single type of *mens rea* in holding "that this variety of first-degree assault is, under the required evidence test, a lesser-included offense of second-degree murder based upon the specific intent to inflict grievous bodily harm." *Id.* at 308–09.

This case raises the same issue as *Middleton* but with a question about the relevant modality of first-degree assault. The State characterizes *Middleton* as holding that first-degree assault is a lesser-included offense of a short-form indictment murder charge generally, regardless of the modality. But that reads *Middleton* too far: it specified only that first-degree assault is a lesser-included offense of the serious bodily harm modality of second-degree murder. *Id. Middleton* didn't address at all whether first-degree assault in the firearm modality is a lesser-included offense of second-degree murder, nor does any other case.

And now, with a chance to consider the question, we hold that the firearm modality of first-degree assault is not a lesser-included offense of second-degree murder. First-degree assault with the use of a firearm includes the element of possessing a firearm. CR § 3-202(b)(2). But a homicide, whether in the form of murder in either degree or manslaughter, can be committed without a firearm. CR §§ 2-201, 2-204, and 2-207. And "'if each offense contains an element which the other does not, there is no merger under the required evidence test even though both offenses are based upon the same act or acts.'" *Nicolas*, 426 Md. at 402 (*quoting Lancaster*, 332 Md. at 391–92). So if Mr. Wright was

8

convicted of first-degree assault in the firearm modality, which is not a lesser-included offense of murder, his sentence for first-degree assault is illegal because it was neither charged expressly nor a lesser-included of an offense that was.

    2. *Mr. Wright was likely convicted of the firearm modality of first-degree assault.*

And this brings us to a factual question: which modality of first-degree assault underlies Mr. Wright's conviction in this case? We know that the jury found Mr. Wright guilty of first-degree assault, but the record does not reveal which modality of first-degree assault the jury accepted or whether the jury unanimously agreed upon a modality at all. Although we don't have the transcripts or records from the original 2001 trial, the motions court believed the jury was instructed on both modalities of first-degree assault. But because Mr. Wright also was found guilty of the firearm charges, the firearm modality of first-degree assault seems the more likely basis for the jury's guilty verdict.

We don't have to resolve that issue definitively, though. Ambiguities as to the factual basis for a conviction get resolved in the defendant's favor. *Brooks*, 439 Md. at 739. "We look to the record for other indications that might resolve the ambiguity in favor of non-merger." *Id.* at 741. The record doesn't provide any clarity, but the connection between Mr. Wright's conviction on the firearm charges and the nature of the homicides at issue creates ambiguity about whether, if not a distinct likelihood that, the jury found him guilty of assault in the first-degree with a firearm. And that ambiguity is enough for these purposes: since first-degree assault with a firearm was neither included in the charging document nor qualifies as a lesser-included offense of murder that can merge under the

9

required evidence test, Mr. Wright's sentence for first-degree assault in case 052 is illegal.

**B.     The Circuit Court Should Be Allowed To Reconsider The Sentencing Package.**

In light of our decision above, the State asks us, based upon *Twigg v. State*, 447 Md. 1, 28 (2016), to vacate the sentences in the case ending in 052 and remand to the circuit court for resentencing. In *Twigg*, Mr. Twigg was found guilty of second-degree rape, third-degree sexual offense, and child sexual abuse. *Id.* at 1. The circuit court imposed consecutive sentences. *Id.* at 5. The Court of Appeals, joining the view of the federal appellate courts, recognized that sentencing on multiple counts is a package:

> In imposing sentences for multiple convictions in a single case, a trial judge considers not only the sentence for each conviction, but also the total sentence for all of the convictions together. Indeed, the Maryland Sentencing Guidelines are structured to reflect such dual consideration. The sentencing guidelines provide a guideline range for each conviction, and then an overall guideline for all of the convictions, viewed as a whole.

*Id.* at 27 (cleaned up). And "after an appellate court unwraps the package and removes one or more charges from its confines, the sentencing judge, herself, is in the best position to assess the effect of the withdrawal and to redefine the package's size and shape (if, indeed, redefinition seems appropriate)." *Id.* at 28 (cleaned up).

Because Mr. Wright was convicted of multiple offenses and the circuit court imposed multiple sentences, we agree with the State that the sentences imposed as an inter-related scheme in case no. 052 constitute a package. Our reversal of Mr. Wright's first-degree assault sentence disturbs the trial court's intended overall sentence, and the trial court should be allowed to reconsider the overall sentence in the context of the counts

10

that remain. Accordingly, we vacate the sentences in case no. 052 and remand for resentencing on all counts other than first-degree assault. *See Johnson v. State*, 248 Md. App. 348, 357 (2020).

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED AND REMANDED TO THE CIRCUIT COURT FOR RE-SENTENCING CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.**

11

The correction notice(s) for this opinion(s) can be found here:

https://mdcourts.gov/sites/default/files/import/appellate/correctionnotices/cosa/3146s18cn.pdf